NORTHCUTT, Judge.
K.M.T., a juvenile, was charged with committing a lewd or lascivious assault and with committing a lewd or lascivious act in the presence of a child. He pleaded no contest to a reduced charge of aggravated battery. After taking evidence, the trial court adjudicated him delinquent and committed him to a *1310 restrictiveness level six residential program. We reverse the delinquency adjudication and the commitment because the trial court failed to make findings in support of its rulings, as required by statute.
At the disposition hearing the trial court received a predisposition report in which the Department of Juvenile Justice recommended that K.M.T. be placed in a restrictiveness level two program and receive sexual therapy. Detective Beth Brown of the Collier County Sheriffs Office testified regarding her experience investigating sex offenses, and she expressed her opinion that K.M.T. should be committed to a level six or level eight program with sex offender counseling. K.M.T. contends that the detective’s statements were irrelevant and prejudicial, and that the trial court should have excluded them. We hold that the trial court did not abuse its discretion by entertaining the detective’s testimony. The trial court may receive any information that is relevant and material in a disposition hearing. Fla. R. Juv. Pro. 8.115.
Nevertheless, we must reverse and remand because the trial court failed to comply with statutory requirements that it make specific findings to support its dispositions. Under section 39.052(4)(e)l., Florida Statutes (1995), if the court finds that adjudication and commitment are appropriate, it must specify its reasons in writing or on the record of the hearing. J.R.C. v. State, 696 So.2d 822 (Fla. 2d DCA 1997); M.S.M. v. State, 639 So.2d 189 (Fla. 2d DCA 1994). Further, section 39.052(4)(e)3. permits the court to commit the child at a restrietiveness level different than that recommended by the department only if the court states “the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrietiveness level recommended by the department.” Here, the court failed to make the requisite findings in writing.[1] The transcript merely reflects the court’s statement that “based on the nature of the charge,” it ordered a level six program. We conclude that this statement alone did not satisfy the requirements of the statute. For these reasons, we reverse KM.T.’s adjudication of delinquency and commitment to the department, and we remand the case for a new disposition hearing.
Reversed and remanded.
DANAHY, A.C.J., and WHATLEY, J., concur.

. In fact, the commitment order signed by the court incorrectly stated that K.M.T.’s commitment to a level six program was pursuant to the department’s recommendation.