SHIVERS, DOUGLASS B., Senior Judge,
dissenting.
I respectftdly dissent.
There is no preponderance of evidence, as the statute requires, to justify the court’s overruling the recommendation of the Department of Juvenile Justice (DJJ) and elevating the commitment level.
Q.L.J. is a first-time offender. The predisposition report of the DJJ, noting that Q.L.J. had no prior referrals to court, was well-behaved at home and well-behaved at school, recommended a moderate risk residential commitment.
Q.L.J. was charged, by delinquency petition, with sexual battery on a person less than twelve years of age. According to the arrest report, appellant, a fourteen-year-old, admitted placing his penis in the vagina of a five-year-old girl, but stopped when she said it hurt.
At the disposition hearing, the only witnesses were character and behavior witnesses, all of whom testified affirmatively and positively about Q.L.J. The state presented no witnesses or evidence. The trial court stated that D JJ’s moderate risk recommendation was not appropriate:
THE COURT: ... Your conduct is outrageous. And anything in your background pales when you look at the act itself because the act is outrageous and the first thing that I look for is protection of the community and also look for the element of punishment for such an outrageous deed, sexually assaulting a five year old child. You knew exactly what you were doing. Moderate risk is not appropriate for a number of reasons. The most important reason, however, is I think actually, you’re now 15, are you not?
THE CHILD: Uh-huh.
THE COURT: The most important reason is that you constitute a potential danger to the community. And also the element of punishment, I think, overrides in this case *631 the other considerations. So. The court is departing from the recommendation of the department. (R 85-86).
The court’s oral comments to justify deviation from the department’s recommendation indicate only those factors inherent in the crime, of which DJJ was already aware when it made its recommendation.
The operative juvenile statute provides:
(e) 1. If the court determines that the child should be adjudicated as having committed a delinquent act and should be committed to the department, such determination shall be in writing or on the record of the hearing. The determination shall include a specific finding of the reasons for the decision to adjudicate and to commit the child to the department, including any determination that the child was a member of a criminal street gang.
2. If the court determines that commitment to the department is appropriate, the intake counselor or case manager shall recommend to the court the most appropriate placement and treatment plan, specifically identifying the restrictiveness level most appropriate for the child. If the court has determined that the child was a member of a criminal street gang, that determination shall be given great weight in identifying the most appropriate restrietiveness level for the child. The court shall consider the department’s recommendation in making its commitment decision.
3. The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department. Any party may appeal the court’s findings resulting in a modified level of restrictiveness pursuant to this subparagraph.
§ 39.052(4)(e), Fla. Stat. (Supp.1996) (emphasis supplied).
In K.M.T. v. State, 695 So.2d 1309 (Fla. 2d DCA 1997), that court held the judge could not rely on “the nature of the charge” to justify elevating the commitment level from level 2 to level 6. In the instant case, the judge’s comments about punishment for such “an outrageous deed” reflect a decision based on the nature of the charge.
In J.M. v. State, 677 So.2d 890 (Fla. 3d DCA 1996) the state filed a petition for delinquency after J.M. was charged with sexual battery upon a minor. J.M. entered an admission to the reduced charge of lewd and lascivious act upon a person under the age of 16. HRS prepared a predisposition report which recommended that J.M. be placed in a level two moderate community control program. The trial judge committed J.M. to the custody of HRS for placement in a (higher) level four low risk residential program. That court’s stated reasons for the departure were that (1) it found this offense to be especially heinous and serious; and (2) that the victim had gone through an experience that she would remember the rest of her life. The 3d DCA agreed with J.M. that the court’s reasons were not supported by a preponderance of the evidence. Other than stating at the hearing that the state disagreed with the HRS recommendations because the crime was “rather serious,” the state presented no evidence, and made no argument, that the commission of this offense to this particular victim was more egregious than the other similarly situated victims. The 3d DCA wrote that it is beyond peradventure that every victim of a crime will have a lasting impression of the incident. It emphasizes that that fact alone is insufficient to support a departure. The 3d DCA reversed and remanded for a new trial.
As the court stated in P.W.G. v. State, 682 So.2d 1203 (Fla. 1st DCA 1996), rehabilitation is the principal focus of Florida’s system of dealing with delinquent children. The goal is to prevent delinquent children from becoming adult offenders.
Although what Q.L.J. did was certainly bad, he appears to be potentially rehabilitata-ble. It was the judgment of DJJ that the recommended moderate risk level of commitment was appropriate for Q.L.J.’s rehabilitation.
*632 There is absence of the statutorily required preponderance of evidence to justify the trial court’s overriding the recommendation of the Department of Juvenile Justice. I would reverse and remand.