WHATLEY, Judge.
K.C., a juvenile, challenges the order adjudicating him delinquent and committing him to the Department of Juvenile Justice. We find no error in the trial court’s finding that he was delinquent. However, we must reverse and remand for a new disposition hearing because the trial court failed to comply with section 39.052(4), Florida Statutes (1995).
Section 39.052(4)(e) provides that if the trial court determines the child should be committed to the department, its reasons for such must be in writing or on the record. See K.M.T. v. State, 695 So.2d 1309 (Fla. 2d DCA 1997). Here, the trial court failed to make specific findings to support its determination on the record or in writing. See C.B. v. State, 706 So.2d 925 (Fla. 2d DCA 1998) (holding that strict compliance with statutory requirements is mandatoiy in disposition hearings). In addition, the trial court disregarded the sentence recommended by the department without providing its reasons. See § 39.052(4)(e)3., Fla. Stat. (1995); K.M.T., 695 So.2d 1309. We also note that the disposition report is not included in the record on appeal. Although the department made oral recommendations at the hearing, there is no evidence in the record that the trial court considered a disposition report as required by section 39.052(4)(a).
Reversed and remanded.
PATTERSON, A.C.J., and SCHEB, JOHN M., Senior Judge, Concur.