835 So.2d 1263 (2003)
N.W., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-5187.
District Court of Appeal of Florida, First District.
February 3, 2003.
Sidney M. McCrackin, Pensacola, for Appellant.
Robert A. Butterworth, Attorney General, and Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
AFFIRMED. See J.J.T. v. State, 810 So.2d 548, 551 (Fla. 1st DCA 2002) ("Below, J.J.T. did not object to the trial court's failure to provide reasons for the deviation from the DJJ recommendation. Further, J.J.T. made no legal argument to the trial court which would have presented to the court the statutory requirement for stating reasons for the deviation. Accordingly, we hold that J.J.T. has failed to preserve the error asserted on appeal." (citations omitted)); cf. E.S.B. v. State, *1264 822 So.2d 579, 580 n. 1 (Fla. 1st DCA 2002) ("A juvenile appealing and claiming that the trial court erred in deviating from the disposition recommended by the DJJ must preserve that issue for appellate review. Florida Rule of Juvenile Procedure 8.135(b)(2) was recently amended to provide the same procedural safeguards as Florida Rule of Criminal Procedure 3.800(b)(2). Appellant's utilization of rule 8.135(b)(2) preserved this issue for appellate review." (citations omitted)).
KAHN and LEWIS, JJ., concur. BENTON, J., dissents w/ opinion.
BENTON, J., dissenting.
With reference to appellant's "risk assessment sheet," the trial court said, "I never look at those anyway" in ordering N.W. incarcerated (by imposing a "high risk commitment") despite the recommendation for probation the Department of Juvenile Justice had furnished. The trial court explained its rationale with great clarity: "I don't know that [N.W.] needs anymore than probation to straighten him out. The problem is providing aproviding a deterrent to others." The trial court erred, and did so despite the gentlemanly argument of trial counsel, advocating for a disposition order in accordance with the Department's recommendation for probation: "[W]e are asking the Court to ... remember that [N.W.'s] role in this ... would fit with what the Department's recommendation is."
I would reverse for a new disposition hearing. On the merits, our recent decision in C.C.B. v. State, 828 So.2d 429 (Fla. 1st DCA 2002) controls. There we said:
[T]he reasons articulated by the trial court for departing from the DJJ's recommendation of probation constituted only disagreement with the DJJ, and... did not reference the commitment level with respect to appellant's needs. The trial court's desire to send a message to the community's youth was not a valid reason for disregarding the DJJ's recommendation.
C.C.B., 828 So.2d at 433. See A.G. v. State, 737 So.2d 1244, 1248 (Fla. 5th DCA 1999); K.M.T. v. State, 695 So.2d 1309, 1310 (Fla. 2d DCA 1997). See also A.C.N. v. State, 727 So.2d 368, 370 (Fla. 1st DCA 1999).
This child should not be treated differently than the similarly circumstanced child whose disposition order was reversed in C.C.B. v. State, 828 So.2d 429 (Fla. 1st DCA 2002). Like C.C.B., N.W. was a first-time offender who falsely reported a bomb at school. While C.C.B. did file a motion to correct disposition error under Florida Rule of Juvenile Procedure 8.135(b)(2), N.W.'s failure to file such a motion is immaterial on this record. This is not a case in which the trial judge was never afforded a chance to rule on the issue argued on appeal. I respectfully dissent.