842 So.2d 1027 (2003)
A.J.V., Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-338.
District Court of Appeal of Florida, Second District.
April 23, 2003.
*1028 James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
The circuit court adjudicated A.J.V. delinquent for committing an aggravated battery. The Department of Juvenile Justice recommended he be placed on probation, but the court disregarded that recommendation and placed him in a high-risk, residential program. We agree with A.J.V. that the evidence did not support the court's decision. See C.C.B. v. State, 828 So.2d 429, 431 (Fla. 1st DCA 2002) (explaining that the applicable standard of review is whether the circuit court's findings underpinning its decision to disregard the D.J.J.'s recommended placement are supported by competent, substantial evidence). We reverse and remand for the circuit court to reconsider the placement.
Section 985.23(3)(c), Florida Statutes (2001), provides:
The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department....
The circuit court gave six reasons for departing from the D.J.J.'s recommendation: (1) youth needs structured program; (2) substantial likelihood to reoffend; (3) violent charge, struck victim with a baseball bat; (4) serious anger management problem; (5) substantial restitution; and (6) public safety.
Concerning reasons (1), (2), and (5), the evidence contravened the court's findings. The D.J.J. report stated that A.J.V. was doing well at home; nothing contradicted the report or showed he needed a more structured environment. The evidence suggested A.J.V. was not likely to reoffend. His previous record consisted of a possession of marijuana charge and another charge that was not prosecuted. Neither was a crime of violence. He had been released from detention pending his disposition hearing and had not committed any new offenses. Nor had he been in contact with the victim since the date of the offense. The substantial restitution owed mitigated against detention in a high risk facility. A.J.V. had a part-time job and *1029 would have been able to begin paying restitution if he had been placed on probation.
Reason (3), that A.J.V. committed a violent crime, while supported by the evidence, concerns the nature of the charge itself. Clearly this was a serious offense; A.J.V. attacked his mother's former boyfriend with a baseball bat. But we have held that the "nature of the charge" is not a sufficient reason to depart from the D.J.J.'s recommendation. K.M.T. v. State, 695 So.2d 1309, 1310 (Fla. 2d DCA 1997); see also C.C.B., 828 So.2d at 431 (holding that the court's decision to disregard the D.J.J.'s recommendation based on the nature of the charge was insufficient); cf. K.N.M. v. State, 793 So.2d 1195 (Fla. 5th DCA 2001) (reversing court's departure from D.J.J.'s recommendation in case involving aggravated battery based on reason that the juvenile lacked remorse). Moreover, no evidence except the nature of the charge supported reason (4), that A.J.V. had an anger management problem.
Again, while the nature of the charge may have led the court to be concerned about the public's safety, nothing else supported a finding that A.J.V. was a danger to the public. His was not a random offense; the victim was his mother's former boyfriend, and some evidence intimated that problems existed in the relationship. A.J.V.'s mother testified that he followed her rules. The court did not explain why this child would be a danger to the public, such that commitment was required. See P.R. v. State, 782 So.2d 911, 913 (Fla. 5th DCA 2001) (stating that the court must "reference the characteristics of the restrictiveness level vis-a-vis the needs of the child"); S.L.K. v. State, 776 So.2d 1062, 1064 (Fla. 4th DCA 2001).
We reverse the circuit court's decision to commit A.J.V. to a high-risk residential program because it was not supported by competent, substantial evidence. We remand for a new disposition hearing.
DAVIS, J., and THREADGILL, EDWARD F. (Senior) Judge, Concur.