855 So.2d 1234 (2003)
C.M.K., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-1627.
District Court of Appeal of Florida, First District.
October 13, 2003.
*1235 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this juvenile delinquency appeal, C.M.K., appellant, seeks review of the trial court's disposition order in which the court adjudicated him delinquent and committed him to the Department of Juvenile Justice ("Department") for moderate-risk residential placement. Appellant contends that the order must be reversed because the trial court failed to set forth any reasons, either orally or in writing, for disregarding the Department's recommendation of probation. We agree.
Section 985.23(3)(c), Florida Statutes (2002), provides, in pertinent part, as follows:
The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department.

(emphasis added). After hearing appellant's mother's testimony that, although appellant was still having temper tantrums, which included yelling at her other children and kicking her trash can around, he was no longer physically abusing her other children, the trial court set forth, "At this time, I'm going to adjudicate you delinquent, commit you to a moderate-risk placement and be on home detention with a monitor until you're placed." The trial court failed to state for the record the reasons why it chose to disregard the Department's recommendation of probation. Accordingly, we reverse the disposition order and remand for a new disposition hearing. See T.M.B. v. State, 689 So.2d 1215, 1216 (Fla. 1st DCA 1997) (reversing and remanding for a new disposition hearing because the trial court gave no reasons for disregarding the Department's recommendation of a moderate-risk restrictiveness level and instead committed the appellant to a high-risk program), approved on other grounds, State v. T.M.B., 716 So.2d 269 (Fla.1998); see also K.C. v. State, 721 So.2d 398, 399 (Fla. 2d DCA 1998) (reversing the trial court's disposition order and remanding because the trial court disregarded the Department's recommended sentence without providing its reasons for *1236 such); A.K. v. State, 713 So.2d 1031, 1032 (Fla. 5th DCA 1998) (reversing the trial court's disposition order and remanding for further proceedings because the trial court failed to state any reasons for disregarding the Department's recommended disposition).
REVERSED and REMANDED for a new disposition hearing.
WOLF, C.J., LEWIS and POLSTON, JJ., concur.