PER CURIAM.
L.A.G. pleaded no contest to selling marijuana within 1000 feet of a school, possession of marijuana with intent to sell, possession of oxycodone, and possession of drug paraphernalia. The Department of Juvenile Justice (DJJ) recommended a probationary sentence. The juvenile court committed L.A.G. to a moderate risk program instead of placing her on probation. On appeal, L.A.G. challenges the disposition but not the adjudication of delinquency. The State properly concedes error. Because the juvenile court departed upward from the DJJ’s recommended disposition without providing adequate reasons for the restrictiveness level imposed, we reverse the disposition. See E.A.R. v. State, 4 So.3d 614 (Fla.2009); N.P. v. State, 18 So.3d 735 (Fla. 2d DCA 2009). We affirm the adjudication of delinquency.
The reasons offered by the juvenile court for departing upward from the DJJ’s recommendation focused on the nature of the charges against L.A.G. As this court has previously explained, “the ‘nature of the charge’ is not a sufficient reason to depart from the D.J.J.’s recommendation.” A.J.V. v. State, 842 So.2d 1027, 1029 (Fla. 2d DCA 2003) (citing K.M.T. v. State, 695 So.2d 1309, 1310 (Fla. 2d DCA 1997)). On remand, the trial court shall not depart from the DJJ’s recommendation unless it can “logically and persuasively explain why, in light of [the] differing characteristics [of the various restrictiveness levels], one level is better suited to serving both the rehabilitative needs of [L.A.G.] — in the least restrictive setting — and maintaining the ability of the State to protect the public from further acts of delinquency.” E.A.R., 4 So.3d at 638.
It is not clear from the record whether this error can be corrected on remand or whether the disposition has been fully served. On remand, L.A.G. is entitled to request a new disposition hearing if such a hearing will benefit this juvenile.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, DAVIS, and WALLACE, JJ., Concur.