LaROSE, Judge.
R.C.B., Jr., wants us to reverse the trial court’s disposition order that committed him to a high risk residential facility. He argues that the trial court erroneously deviated from the Department of Juvenile Justice’s (DJJ) recommended placement in a medium risk commitment facility. We have jurisdiction. See Fla. R.App. P. 9.145(b)(1). We reverse the disposition order and remand for further proceedings.
The trial court adjudicated R.C.B. delinquent of aggravated battery with great bodily harm. He does not challenge his adjudication for the charge, and we affirm the delinquency finding without further comment.
However, the trial court committed R.C.B. to a high risk facility largely due to the nature of the offense. As the State concedes, this was an insufficient reason to depart from the DJJ recommendation. The disposition order must be reversed because the trial court failed to articulate its understanding of the different restrictiveness levels and failed to explain why a high risk facility is better suited to R.C.B.’s rehabilitative needs and the safety of the public. See, e.g., E.A.R. v. State, 4 So.3d 614, 633, 638-39 (Fla.2009); L.A.G. v. State, 58 So.3d 393, 394 (Fla. 2d DCA 2011); S.G. v. State, 26 So.3d 725, 726 (Fla. 2d DCA 2010); N.P. v. State, 18 So.3d 735, 737 (Fla. 2d DCA 2009); B.L.R. v. State, 74 So.3d 173, 176-77 (Fla. 1st DCA 2011).
As in L.A.G., 58 So.3d at 394, it is not clear whether the error can be corrected on remand or whether the disposition has been fully served. On remand, R.C.B. is entitled to request a new disposition hearing if such a hearing will benefit him.
Affirmed in part, reversed in part, and remanded.
DAVIS and MORRIS, JJ., Concur.