WEBSTER, Judge.
In this juvenile delinquency appeal, appellant claims that the trial court erred when it deviated from the commitment-level placement recommended by the Department of Juvenile Justice. Because we conclude that the trial court relied upon appropriate considerations, which were supported by a preponderance of the evidence, we affirm.
Section 39.052(4)(e), Florida Statutes (Supp.1996), reads in pertinent part:
2. If the court determines that commitment to the department [of Juvenile Justice] is appropriate, the intake counselor or ease manager shall recommend to the court the most appropriate placement and treatment plan, specifically identifying the restrictiveness level most appropriate for the child.... The court shall consider the department’s recommendation in making its commitment decision.
3. The court shall commit the child to the department at the restrietiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department.
Clearly, while a trial court is required to consider the recommendation of the Department of Juvenile Justice in reaching a decision regarding appropriate placement, it may order placement at a different restrictiveness level, provided that its reasons appear on the record and are supported by a preponderance of the evidence. Here, the record reflects that the Department had recommended that appellant be placed in a moderate-risk residential facility. Having concluded that such a placement would not be appropriate, the trial court directed the Department to place appellant in a high-risk residential program. This appeal follows.
The state filed a petition alleging that appellant was a delinquent child because he had committed a sexual battery upon a child who was younger than 12. Appellant initially denied the allegations. However, appellant ultimately entered a plea of guilty “for convenience” to the charge.
The predisposition report prepared by the Department reflected that appellant, who was 14 at the time, had vaginally penetrated a 5-year-old girl with his penis. Appellant’s mother had been a babysitter for the victim on several prior occasions. Appellant had no history of prior referrals to the Department.
At the disposition hearing, the state disagreed with the Department’s placement recommendation, arguing that a high-risk placement was more appropriate. After having heard testimony from several witnesses on behalf of appellant, the trial court concluded that a high-risk placement would be more appropriate than a moderate-risk one, noting that the act appellant had committed would be a life felony if committed by an adult, punishable by life imprisonment. It based its conclusion that a high-risk placement would be more appropriate principally upon *630 the finding that appellant’s actions established that he was a danger to.society and that, therefore, he should be placed in a secure environment for the protection of society.
Section 39.052(4)(d), Florida Statutes (Supp.1996), requires that, in determining whether a child should be adjudicated delinquent and committed to the Department, the trial court consider (among other things) “[t]he seriousness of the offense to the community” and the need to protect the community from the child. Moreover, section 39.001(l)(c), Florida Statutes (Supp.1996), identifies “the protection of society” as one of the principal purposes of chapter 39, and section 39.002(3), Florida Statutes (1995), states that the first priority of the state juvenile justice system is to “protect the public from acts of delinquency.” Thus, it was clearly proper for the trial court to be concerned about the1 need to protect society from the possibility that appellant might commit further criminal acts.. The only remaining question is whether the. trial court’s finding that a high-risk placement was the more appropriate means of- ensuring such protection is supported by a preponderance of the evidence.
Section 39.01(59)(c), Florida Statutes (Supp.1996), states that moderate-risk residential facilities are intended for children who “do not need placement in facilities that are physically secure”; whereas section 39.01(59)(d) states that high-risk residential facilities are designed to “provide[ ] 24-hour-per-day secure custody, care, and supervision.” It is apparent that the trial court had this distinction in mind when it opted for high-risk placement rather than moderate-risk. The trial court was in a position far superior to ours for purposes of evaluating appellant and determining the most appropriate placement. Given the serious nature of the crime and the circumstances surrounding its commission, we are satisfied that the trial court’s finding regarding the need to protect society was supported by a preponderance of the evidence. Accordingly, we affirm.
AFFIRMED.
LAWRENCE, J., concurs.
SHIVERS, DOUGLASS B., Senior Judge, dissents with written opinion.