W. SHARP, J.,
concurring and concurring specially.
I suppose that one alternative theoretically available to the trial judge in this case would have been to commit the juvenile to the recommended level 4 or 6 and hope that the Department of Juvenile Justice would do the best it could to find an appropriate program. R.L.B. v. State, 693 So.2d 130 (Fla. 1st DCA 1997). But since it did not do so, the question for us on appeal is did the court rely upon appropriate considerations in making the level 8 placement, and were they supported by a preponderance of the evidence? § 39.052(4)(e). See Q.L.J. v. State, 714 So.2d 628 (Fla. 1st DCA 1998). As outlined in Jude Orfinger’s opinion, this juvenile, had committed two acts of domestic violence and had violated her community control numerous times and in many ways. There were grounds to support the trial judge’s, decision that he could not return the juvenile to her parents’ home and that her attitude of resisting “everything that has happened so far,” coupled with her recent history of acts of violence, required immediate and serious attention. I agree this case should be affirmed.