VAN NORTWICK, J.
E.S.B. appeals the trial court’s imposition of a moderate risk commitment, arguing the trial court did not state reasons for disregarding, the recommendation of probation made by the Department of Juvenile Justice (DJJ). We agree and reverse.
E.S.B., age fifteen years old, was taken into custody for possession of a weapon (a knife) on school property. She was on probation for disorderly conduct and aggravated battery when this offense took place. After reviewing the facts of this offense and appellant’s behavior at home and at school, the DJJ recommended, as follows:
[E.S.B.] was placed on probation November 2, 1999, she has had two technical violations of Probation and was continued on Probation. [E.S.B.] appears immature for her age. It appears she could benefit from counseling to address Decision Making and Positive Peer Inaction [sic]. It is the Department’s recommendation that [E.S.B.] be referred to • Girls Court to see if she will participate and be a willing candidate for the program. If she is not accepted into Girls Court the ' Department recommends moderate risk commitment.
At the disposition hearing, the court accepted the state’s request for moderate risk commitment stating, “Well, the recommendation is probation, and I disagree with that because of the long prior.”
During the pendency of this appeal, appellate counsel filed a motion to correct sentencing error under Florida Rule of Juvenile Procedure 8.135(b)(2), contending that the trial court’s decision to disregard the DJJ’s recommendation was not explained by reasons supported by evidence that a probationary disposition was not appropriate. The trial court denied the motion[1] and explained:
Defendant further complains that the Court’s decision to deviate from said recommendation was not stated on the *581 record or reduced to writing. With this contention the court must disagree inasmuch as it affirmatively appears that on said date of October 16, 2001, the Court did announce on the record that it was deviating from the recommendation because of the “long prior.” Although not expressly set forth in-the transcript, the Court verbally believes that it probably used the words “long priors” or “long prior criminal record.”
Section 985.23(3)(c), Florida Statutes (2001), provides:
The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department. (Emphasis added).
In A.C.N. v. State, 727 So.2d 368, 370 (Fla. 1st DCA 1999), this court held that the trial court’s decision to disregard the DJJ’s recommendation and increase the restrictiveness level must be supported by a preponderance of the evidence and must have reference to the characteristics of the restrictiveness level vis-a-vis the needs of the child. See also A.G. v. State, 737 So.2d 1244, 1247 (Fla. 6th DCA 1999).
Below, in the rule 8.135(b)(2) motion, the trial court was requested to provide the reasons omitted when it ordered moderate risk commitment. Although the trial court said what it meant by “long prior,” it failed to explain its rationale for the decision vis a vis the needs of the child, simply reaffirming its disagreement with DJJ’s recommendation based upon appellant’s record. In determining to disregard the restrictiveness level recommended by the DJJ, the trial court is not required to rely on factors or evidence other than those considered by the DJJ, see C.T. v. State, 819 So.2d 869, 872 (Fla. 4th DCA 2002), and may reweigh the same evidence considered by the DJJ and come to a different conclusion.. Id. If the trial court does reweigh the evidence, however, it must set forth its reasons in the context of the needs of the child. See A.C.N., 727 So.2d at 370. Here, the trial court did not explain how or why the appellant’s “long prior criminal record” led the court to reach a different conclusion than DJJ. Although we can speculate as to how a “long prior” record might lead the trial court to impose a moderate risk commitment, such speculation cannot be the basis of appellate review. Accordingly, under section 985.23(3)(c), the statement of the trial court is insufficient to permit departure from that recommendation. Id. at 370.
REVERSED and REMANDED.
BOOTH and BENTON, JJ., concur.

. A juvenile appealing and claiming 'that the trial court erred in deviating from the disposition recommended by the DJJ must preserve that issue for appellate review. See J.J.T. v. State, 810 So.2d 548 (Fla. 1st DCA 2002). Florida Rule of Juvenile . Procedure 8.135(b)(2) was recently amended to provide the same procedural safeguards, as Florida Rule of Criminal Procedure 3.800(b)(2). See I.B. v. State, 816 So.2d 230, 231 n. 2 (Fla. 5th DCA 2002). Appellant’s utilization of rule 8.135(b)(2) preserved this issue for appellate review. Compare Hart v. State, 773 So.2d 1263, 1264 (Fla. 1st DCA 2000)(filing rule 3.800(b)(2) motion preserves sentencing issue for appellate review).