876 So.2d 700 (2004)
D.R.B., Jr., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-4557.
District Court of Appeal of Florida, First District.
June 29, 2004.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General; Karen M. Holland, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
D.R.B., Jr., a child, appeals from his adjudication of delinquency and commitment to the Department of Juvenile Justice. Because the trial court erred in departing from the Department's commitment recommendation, we reverse.
A trial court's decision to depart from the Department's commitment recommendation for reasons not considered by the Department must be supported by competent, substantial record evidence, and the trial court's reasons must reference the characteristics of the restrictiveness level in relation to the needs of the child. A.C.N. v. State, 727 So.2d 368, 370 (Fla. 1st DCA 1999). Where the trial court's departure is based on evidence or factors considered by the Department, the trial court must explain why such evidence led the court to reach a different conclusion than the Department. E.S.B. v. State, 822 So.2d 579, 581 (Fla. 1st DCA 2002). In this case, reversal is warranted because the trial court failed to refer to the needs *701 of the child or explain why factors considered by the Department led the trial court to a different conclusion.
Accordingly, we affirm the adjudication of delinquency, but reverse the trial court's disposition and remand the cause for further proceedings consistent herewith.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
BOOTH, WEBSTER and DAVIS, JJ., concur.