PER CURIAM.
S.C., a child, appeals the trial court’s adjudication of delinquency and commitment to the Department of Juvenile Justice. Because the trial court erred in departing from the Department’s commitment recommendation, we reverse.
The reasons set forth by the trial court in support of departure must be supported by competent, substantial evidence, and the trial court’s reasoning must refer to the characteristics of the restrictiveness level in relation to the needs of the child. A.G. v. State, 737 So.2d 1244, 1248 (Fla. 5th DCA 1999). Where the trial court’s departure is based on evidence or factors considered by the Department, the trial court must explain why such evidence led the court to reach a different conclusion than the Department did. E.S.B. v. State, 822 So.2d 579, 581 (Fla. 1st DCA 2002). Here, the trial court failed to refer to the needs of the child or explain why its consideration of the evidence led to a different conclusion than that recommended by the Department. Therefore, we affirm the trial court’s adjudication of delinquency but reverse the disposition and remand the case to the trial court for further proceedings.
AFFIRMED in part, REVERSED in part and REMANDED.
DAVIS, LEWIS and POLSTON, JJ., CONCUR.