WOLF, C.J.
J.L.K. seeks review of an order adjudicating her delinquent for falsely reporting a bomb and committing her to the Department of Juvenile Justice (DJJ) in a low risk residential facility. Appellant raises two issues: 1) whether the trial court erred in finding appellant guilty of false report of a bomb; and 2) whether the trial court erred in deviating from the recommended disposition of the Department of Juvenile Justice. We affirm issue I without further discussion and affirm issue II for the reasons expressed herein.
Appellant was found guilty of falsely reporting a bomb. The Department’s predisposition report recommended juvenile probation. At sentencing, however, the judge departed from the recommendation. The judge gave the following reasons:
The court is going to depart from the recommendations of the Department and opt for a low risk residential commitment facility.
The reasons for disregarding the Department’s recommendation are as follows: The Court believes that the Department has not recommended a sufficient response given the seriousness of this offense so that the Department’s recommendations do not provide adequately for the protection of the community. This is a second degree felony. There were in excess of 900 victims. Perhaps more importantly than that, the testimony this morning indicates that this had happened eight times before at J.L.K’s school. It’s not as though she would not have been aware of how serious the consequences are of doing something like this. She would have known or should have known, had she been paying attention, that more than — that 900 students would be deprived of a good deal of the day of their education, that it would cause a serious disruption in the school day, the buses would arrive, the dogs would arrive, significant expense to *986 the taxpayers, all for' the sake of what I’m sure she considered a prank and what the kids always consider- a prank. The problem is -when that many people are affected, when there’s that much expense, that much disruption of that many people’s lives, let alone the danger to people, the record in this case will not reflect it. But over the years people have been injured during evacuations at schools because of bomb threats.
All of those factors together convince this Court that a more significant response than probation- is needed.
The following written reasons for the deviation appear on the disposition order:
1) Court believes crime was serious;
2) Protection of community;
3) Students deprived of one' day of education;
4) Taxpayer expense;
5) Many people involved.
Appellant argues that this case is indistinguishable from C.C.B. v. State, 828 So.2d 429 (Fla. 1st DCA 2002), another case involving, a false report of a bomb where the trial court departed from DJJ’s recommended disposition. In addition, appellant argues that the disposition order did not comply with the dictates of A.C.N. v. State, 727 So.2d 368, 370 (Fla. 1st DCA 1999), because the trial court failed to reference the characteristics of the restrictiveness levels in relation to the needs of the child. See also D.R.B., Jr., v. State, 876 So.2d 700 (Fla. 1st DCA 2004); S.C. v. State, 877 So.2d 850 (Fla. 1st DCA 2004).
In C.C.B. the court gave the following reasons for departure:
The trial court, in departing from the DJJ’s recommendation, stated that “these particular types of offenses,” or bomb threats, must be a factor that goes into the court’s consideration, in that the evacuations that are caused by such offenses. serve to disrupt the educational process. The trial court noted that 2001 was a year plagued by an epidemic of bomb threats made by young people. The court repeatedly stated that it felt it important in its sentence to send a clear message to other young people in the community, as well as considering what it thought best for the community. In noting that it understood that appellant had no prior record, the court found that the recommendation of probation was totally insufficient to address “in any meaningful way” its considerations.
Id. at 430. In C.C.B. this court found that sending a message to the community was an invalid reason for departure, and we noted that there was a lack of any reference to the restrictiveness level in reference to the’ needs of the child.
Neither C.C.B. nor other cases cited by appellant, however, suggest that protection of the community or punishing the child for the severity of the offense are not proper considerations. In A.C.N. v. State, 727 So.2d 368, 371 (Fla. 1st DCA 1999), this court stated, “Although the principal focus of the juvenile system is rehabilitation with the aim of preventing further delinquent or criminal acts, the protection of society and punishment of the child are appropriate considerations.” In this case, unlike C.C.B., the court considered the relationship of the past eight bomb threats to the seriousness of J.L.K’s act. The fact that the previous bomb threats at J.L.K.’s school (rather than just problems throughout the community) and that she had an opportunity to witness the serious consequences of this behavior made the offense more serious and J.L.K. more culpable in the trial court’s mind. The trial judge’s determination is based on competent substantial evidence and we are unwilling to second guess his determina *987 tion that probation was an insufficient punishment in light of J.L.K’s conscious behavior.
The judgment of the trial court is affirmed.
BARFIELD and WEBSTER, JJ., concur.