911 So.2d 833 (2005)
N.B., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-0758.
District Court of Appeal of Florida, First District.
August 31, 2005.
*834 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
For shoplifting a pacifier, among other things, the trial court adjudicated N.B., a sixteen-year-old single mother, delinquent, and committed her to a low-risk residential facility. She appeals the final disposition order insofar as it placed her in the residential facility. The Department of Juvenile Justice (DJJ) had recommended probation. Because the trial judge identified no valid basis for deviating from DJJ's recommendation, we reverse.
Apprehended trying to steal clothing and a pacifier from Wal-Mart, N.B. pleaded guilty to a charge of petit theft. DJJ prepared a predisposition report[1] and recommendation, recommending that adjudication be withheld[2] and that N.B. be placed on probation.
Section 985.23(3)(c), Florida Statutes (2004), gives the trial judge, not DJJ, final say regarding dispositions of juvenile offenders, but lays down certain requirements when the trial judge decides to depart from DJJ's recommendation:
The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department. Any party may appeal the court's findings resulting in a modified level of restrictiveness pursuant to this paragraph.
In order to disregard DJJ's recommendation, the trial judge must state reasons for departure that a preponderance of the evidence *835 supports. See A.C.N. v. State, 727 So.2d 368, 370 (Fla. 1st DCA 1999).
In the present case, the trial judge rejected the Department's recommendation as "clearly not acceptable." Addressing N.B. when she entered her plea, he inquired, then commented: "Why are you a thief? Have to come in to court, a young lady, come to court, you're a thief. You can't take your hands off of property that doesn't belong to you." At the disposition hearing, the trial judge said:
She's got a 10:00 p.m. curfew, which is not my business as such right now, but has a 10:00 p.m. curfew, and 12:00 on the weekends, which is way too late for her, seeing as she has a child at home. She's not in school. And more significantly, two years ago you had another theft, and that's why I'm not going to follow probation in this case.
The judge stated further:
This is her second theft in two years, a little, slightly over two years, from a major store, business here in the Jacksonville area. Wal-Mart this time, Belks two years ago, the same type of sophisticated thievery, where it's a plan, a scheme, where items are paid for, items that are not paid for are concealed by things that are.[3]
At that point N.B. shook her head.[4] The judge then adjudicated her delinquent and committed her to the custody of the Department to be placed in a low-risk residential program[5] for girls. Appellant's counsel argued the soundness of, and pointed to evidentiary support for, DJJ's recommendation, and objected to N.B.'s placement in the residential program, given DJJ's recommendation for probation.
A trial judge may not deviate from DJJ's recommendation at a juvenile delinquency disposition hearing simply because the judge disagrees with the recommendation. See K.M. v. State, 891 So.2d 619, 620 (Fla. 3d DCA 2005). In order to deviate, a trial court must identify adequate reasons, grounded in the evidence, for disregarding the recommendation. See A.C.N., 727 So.2d at 370. A judge may reweigh the same factors the Department considered and come to a different conclusion. But, when the court does so, the court "must set forth its reasons in the context of the needs of the child." E.S.B. v. State, 822 So.2d 579, 581 (Fla. 1st DCA *836 2002). The judge's findings "must have reference to the characteristics of the restrictiveness level vis-a-vis the needs of the child." Id. The judge must explain why the judge came to a different conclusion than the Department did, and explain why the new restrictiveness level is indicated.
In the present case, the judge's reason for the residential commitment was that N.B. had been guilty of theft more than two years earlier, which he described as the same type of "sophisticated thievery" as in this case.[6] In its predisposition report and in making its recommendation, the Department had also considered this prior charge of petit theft, and the circumstances surrounding it. Even though the judge was not without authority to deviate from the recommendation, therefore, he was required to provide a reason why a residential program was necessary for N.B. See E.S.B., 822 So.2d at 581.
In the final analysis, the only reason the trial judge assigned for placing N.B. in a residential facility, rather than adhering to DJJ's recommendation for probation, was that she had previously committed a similar theft.[7] The trial judge offered no reason, however, why this would "require placement and services in [a] residential setting[ ]." § 985.03(45)(a), Fla. Stat. (2004). The judge did not at any time explain why N.B. would need to be in a residential program.
The reasons stated in the present case were insufficient to justify deviation from the Department's recommendation. They did not explain why N.B. should be placed in a low-risk residential facility rather than on probation. "[R]eversal is warranted because the trial court failed to refer to the needs of the child or explain why factors considered by the Department led the trial court to a different conclusion." D.R.B. v. State, 876 So.2d 700, 700-01 (Fla. 1st DCA 2004). See also S.C. v. State, 877 So.2d 850, 851 (Fla. 1st DCA 2004); E.S.B., 822 So.2d at 581; S.L.K. v. State, 776 So.2d 1062, 1063-64 (Fla. 4th DCA 2001); A.G. v. State, 737 So.2d 1244, 1247-48 (Fla. 5th DCA 1999); A.C.N., 727 So.2d at 370-71.
Reversed and remanded.
PADOVANO and BROWNING, JJ., concur.
NOTES
[1] The predisposition report recounted that N.B. lived in the home of a woman she referred to as her grandmother, although there was no blood relationship. N.B. had a one-year-old daughter who lived with her, whom she had dropped out of high school the prior year to take care of. N.B. expressed a desire to obtain her high school diploma by enrolling in a home school program. Her "grandmother" told the Department that N.B. was generally respectful, compliant with her curfew and all rules, and was responsible for keeping the house clean. According to the predisposition report, N.B. had had one other delinquency proceeding, in 2002, also on a charge of petit theft, which came to an end when N.B. was referred to a diversion program.
[2] On appeal, N.B. does not complain of her adjudication as a delinquent, only of her "placement at a different restrictiveness level" than the probation DJJ recommended.
[3] The record did not clearly support that the thefts occurred in the same way. When the judge questioned her about the previous charge, Appellant said that she and her sister had stolen clothing from Belks. In the present case, N.B. placed the merchandise in Wal-Mart shopping bags and put the bags in a cart. She went to the cashier, paid for other items, and then covered the first bags with the paid-for items to make it appear as though she had paid for everything in the cart.
[4] The trial judge concluded that N.B. showed no remorse because she shook her head during the hearing, and he stated that he was using that as an additional basis for his determination. As conceded by the State, however, lack of remorse, even when established by a preponderance of the evidence, is not a permissible reason to deviate from the recommendation. See K.N.M. v. State, 793 So.2d 1195, 1198 (Fla. 5th DCA 2001) ("[I]t is improper for the trial court to aggravate a sentence because the defendant failed to exhibit remorse for having committed the offense. This constitutional right is also enjoyed by juveniles in their criminal adjudicatory proceedings. . . .") (citations omitted).
[5] Section 985.03(45)(a), Florida Statutes (2004), defines the low-risk residential commitment level:

Programs or program models at this commitment level are residential but may allow youth to have unsupervised access to the community. Youth assessed and classified for placement in programs at this commitment level represent a low risk to themselves and public safety but do require placement and services in residential settings.
[6] N.B. shook her head when the trial judge told her that she had stolen items in the previous case in the same manner that she tried to steal them in the present case. She explained that, in the previous case, she paid for some things "and then walked past the others and put them back in." Although the trial court's factual determinations are subject to review to ensure that the findings are supported by competent, substantial evidence, see A.C.N. v. State, 727 So.2d 368, 370 (Fla. 1st DCA 1999), we need not determine whether this putative similarity was established by a preponderance of the evidence because it was not material.
[7] The judge also mentions that Appellant was not in school and that her curfew was, in his opinion, too late. But he does not find that these factors required her to be placed in a residential program.