923 So.2d 553 (2006)
C.J., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-4859.
District Court of Appeal of Florida, First District.
March 10, 2006.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Felicia A. Wilcox, Assistant Attorney General, Office *554 of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
C.J., a child, appeals the trial court's adjudication of delinquency and commitment to the Department of Juvenile Justice. The trial court erred because it failed to refer to the needs of the child or explain why its consideration of the evidence led to a different conclusion than that recommended by the Department. S.C. v. State, 877 So.2d 850 (Fla. 1st DCA 2004); D.R.B. v. State, 876 So.2d 700 (Fla. 1st DCA 2004). The trial court's reasons for disagreement were a restatement of facts already known to the Department without an explanation of the reasons for coming to a different conclusion.
The State argues that the trial court found that probation did not sufficiently meet the appellant's rehabilitative needs where prior to disposition the appellant had to be confined to secure detention, escalated his criminal activity, ran away from home, and disregarded court orders by failing to appear for court. The record does not contain a finding by the trial court regarding appellant's rehabilitative needs. Findings in support of deviation need to be stated by the trial court, not inferred. See e.g., Q.L.J. v. State, 714 So.2d 628, 629-30 (Fla. 1st DCA 1998) (affirming the trial court's departure from the Department's recommendation where the trial court "based its conclusion that a high-risk placement would be more appropriate principally upon the finding that appellant's actions established that he was a danger to society and that, therefore, he should be placed in a secure environment for the protection of society"). Accordingly, we affirm the adjudication of delinquency, but reverse the trial court's disposition and remand for further proceedings.
AFFIRMED in part, REVERSED in part and REMANDED.
ALLEN, VAN NORTWICK and POLSTON, JJ., concur.