PER CURIAM.
“In determining to disregard the restrictiveness level recommended by the DJJ [Department of Juvenile Justice], the trial court is not required to rely on factors or evidence other than those considered by the DJJ, and may reweigh the same evidence considered by the DJJ and come to a different conclusion.” E.S.B. v. State, 822 So.2d 579, 581 (Fla. 1st DCA 2002) (citation omitted). However, when a circuit judge reweighs the evidence and decides to depart from the DJJ’s recommendation, the circuit court “must set forth its reasons [for deviation] in the context of the needs of the child.” Id. at 581. Here, the two reasons identified by the learned circuit judge for the departure sentence were undoubtedly considered by the Department. In reweighing the evidence, the circuit judge failed to set forth adequate reasons for the deviation. See N.B. v. State, 911 So.2d 833, 835 (Fla. 1st DCA 2005) (“A trial judge may not deviate from DJJ’s recommendation at a juvenile delinquency disposition hearing simply because the judge disagrees with the recommendation.”). Accordingly, although we understand the circuit judge’s apparent frustration at the rather lenient disposition recommended by the Department, we have no alternative but to reverse that disposition and remand for further proceedings. Our Legislature has seen fit to deny circuit judges, sitting as juvenile judges in delinquency cases, complete discretion when imposing juvenile dispositions. See § 985.23(3)(c), Fla. Stat. (2005).
REVERSED AND REMANDED.
KAHN, C.J., WOLF and BENTON, JJ., concur.