PER CURIAM.
The Appellant asserts that the trial court erred when it deviated from the commitment-level placement recommended by the Department of Juvenile Justice and ordered that Appellant provide a sample of his DNA. We find that the trial court’s deviation was based on an appropriate consideration, the need to protect the community, which was supported by a preponderance of the evidence. See J.L.K. v. State, 894 So.2d 984 (Fla. 1st DCA 2004); Q.L.J. v. State, 714 So.2d 628 (Fla. 1st DCA 1998). However, the trial court erred *1282 when it ordered a DNA sample. Section 943.325, Florida Statutes (2006), does not permit the trial court to order Appellant to provide a DNA sample subsequent to a conviction for possession of a firearm by a minor. See § 943.325(1)(b)(4) (DNA collection authorized only for a “felony” violation of chapter 790). Thus, the portion of D.A.’s sentence requiring him to submit DNA blood samples must be stricken. See K.H. v. State, 821 So.2d 1202 (Fla. 5th DCA 2002). The remaining portion of the sentence is affirmed.
AFFIRMED as MODIFIED.
KAHN, LEWIS, and HAWKES, JJ., concur.