978 So.2d 220 (2008)
L.S., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-4039.
District Court of Appeal of Florida, First District.
March 31, 2008.
*221 Nancy A. Daniels, Public Defender, and M.J. Lord, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals the trial court's order committing him to a moderate risk facility. Because the trial court erred when it failed to explain why its consideration of the evidence led it to reach a different conclusion than that recommended by the Department of Juvenile Justice (DJJ) and failed to reference the characteristics of a moderate risk facility vis-a-vis Appellant's needs, we must reverse.
Appellant was arrested for burglary of a dwelling on February 27, 2007, and placed on home detention. Although Appellant absconded for 23 days in May 2007, the court again placed him on home detention upon his return home. Appellant pled guilty to trespassing in June 2007 and the DJJ completed a predisposition report, recommending that Appellant be placed on probation. Instead, the court placed Appellant in a moderate risk commitment facility following his disposition hearing. The court gave no reason for its deviation from the DJJ's recommendation at the hearing, but stated in its written order that "[Appellant] has a history of not obeying the law or authority figures. This requires a more restrictive disposition for protecting the public."
Section 985.433(7)(b), Florida Statutes (2006), permits the court to deviate from the DJJ's recommendation, stating,
The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record reasons that establish by preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department.
When the trial court departs from DJJ's recommendation, it "must not only state its reasons for disregarding the recommended restrictiveness level on the record, the reasons must also be supported by a preponderance of the evidence and must make reference to the characteristics of the restrictiveness level vis-a-vis the needs of the child." C.C.B. v. State, 828 So.2d 429, 431 (Fla. 1st DCA 2002) (citing A.C.N. v. State, 727 So.2d 368, 370 (Fla. 1st DCA 1999)).
Here, the court did not specifically explain why it departed from the DJJ's recommendation upon its consideration of the identical facts which the DJJ considered when recommending probation for Appellant. This is reversible error. See E.S.B. v. State, 822 So.2d 579, 581 (Fla. 1st DCA 2002) (stating that the court may reweigh the same factors the DJJ used, but it must explain why such evidence led it to reach a different conclusion). Additionally, the court order did not reference the characteristics of a moderate risk commitment vis-a-vis Appellant's needs. This is also reversible error. See A.C.N., 727 So.2d at 370 (holding that trial court must reference the characteristics of the restrictiveness level vis-a-vis the needs of the child). Accordingly, we reverse the trial court's *222 order and remand for a new disposition hearing. C.M.K. v. State, 855 So.2d 1234, 1236 (Fla. 1st DCA 2003).
REVERSED and REMANDED.
PADOVANO, LEWIS, and THOMAS, JJ., concur.