PER CURIAM.
M.W. appeals a final order adjudicating her delinquent and committing her to a moderate risk facility. She argues that in departing from the Department of Juvenile Justice’s (Department’s) recommendation of probation, the trial court did not comply with the requirements set out in E.A.R. v. State, 4 So.3d 614 (Fla.2009). In particular, M.W. argues the trial court failed to explain how the more restrictive commitment, which the trial court imposed based on the same factors and evidence considered by the Department, better *351 served the rehabilitative needs of the child. We agree and, consequently, reverse.
A trial court must conduct the following analysis before departing from the Department’s recommendation:
(1) Articulate an understanding of the respective characteristics of the opposing restrictiveness levels including (but not limited to) the type of child that each restrictiveness level is designed to serve, the potential “lengths of stay” associated with each level, and the divergent treatment programs and services available to the juvenile at these levels; and
(2) Then logically and persuasively explain why, in light of these differing characteristics, one level is better suited to serving both the rehabilitative needs of the juvenile-in the least restrictive setting-and maintaining the ability of the State to protect the public from further acts of delinquency.
Id. at 633. The Court in E.A.R. further explained that:
Simply regurgitating information provided by, and contained within, the DJJ’s comprehensive assessment and PDR does not establish acceptable statutory reasons as to why the court is “disregarding” these documents and the DJJ’s recommended disposition. Rather, such parroting merely communicates that the court concurs with the DJJ’s assessment and PDR but then, for some unexplained, unarticulated “reason,” has imposed a judicially recrafted disposition.
Id. at 638.
Although a trial court may rely on the same evidence and factors as the Department in deciding to impose a more restrictive commitment level, it must set forth its reasons for reaching a different conclusion vis-a-vis the rehabilitative needs of the child. See C.J. v. State, 923 So.2d 553, 554 (Fla. 1st DCA 2006) (reversing where a trial court found probation inappropriate because appellant ran away from home and disregarded court orders but failed to make a finding regarding appellant’s rehabilitative needs); see also E.S.B. v. State, 822 So.2d 579 (Fla. 1st DCA 2002) (reversing where a trial court reweighed the same evidence considered by the Department and failed to explain how appellant’s “long prior” record led it to impose moderate risk commitment as opposed to probation).
In the instant case, the trial court erred because it failed to address why moderate risk commitment, rather than probation, was more suitable to address M.W.’s rehabilitative needs. The trial court’s reasons for disagreement were merely a restatement of facts already known to the Department with no explanation of why it came to a different conclusion. Accordingly, we reverse and remand to provide the trial court an opportunity to enter an order in compliance with E.A.R., or, if the court cannot, impose the probation recommended by the Department. See M.K. v. State, 4 So.3d 1271 (Fla. 1st DCA 2009) (reversing and remanding to provide trial court an opportunity to enter an order in compliance with E.A.R. where trial court failed to conduct proper analysis in departing from the DJJ’s recommendation); see also C.M.H. v. State, 25 So.3d 678, 680 (Fla. 1st DCA 2010) (same).
REVERSED.
WOLF, DAVIS, and HAWKES, JJ., concur.