ORFINGER, M., Senior Judge.
J.L.O. appeals from an order of disposition finding her delinquent and committing her to a level 8 residential program, a departure from the Department of Juvenile Justice (DJJ) recommendation of a level 4 commitment. She contends that the only reason for departure was the unavailability of a level 4 (or even a level 6) residential program, which is an insufficient reason for departure.
J.L.O. is a 16 year old girl, who was residing with her adoptive parents and two siblings. She did not get along with her mother, and in July 1997 was charged with assaulting her. This resulted in detention and an order for community control. Later that month J.L.O. was charged with domestic violence, battery on her mother. She was again placed on community control. Among the requirements of her community control was that she reside at home and attend school regularly. She failed in both respects. The following month she was picked up for violation of her community control because she had run away from home. She was found to be in contempt of court, placed in secure detention for five days, then sent home. A psychological report was ordered.
In September, 1997, the state filed a petition for revocation of her community control on the ground that she had again violated its terms by running away from home, alleging that she refused to live at home. After a hearing, she was again found in direct contempt of court and placed in secure detention for five days. On September 16, with advice of counsel, she entered a plea of guilty to violation of community control, and was released to her parents (who indicated that they did not want her at home) pending disposition.
The psychological report submitted to the court indicated that J.L.O. was “a young woman with a very troubled history whose recent violence appears to (be) the acting-out of long internalized rage.” The examiner recommended that there be no attempt to return her to the home of her adoptive family.
At the disposition hearing the court learned that J.L.O. had run away from home again, and had been living with an 18 year old boyfriend with whom she was sexually active. When the trial judge was advised that there was no current availability in either level 4 or level 6 residential settings, he was obviously frustrated and clearly believed that he could not, under the circumstances release this child to her parents, when the child had made it clear that she refused to live at home and her parents had told the court that they did not want her at home. The DJJ report acknowledged J.L.O.’s refusal to live at home and her parents’ fear of further violence.
In spite of his frustration, the trial court went through an extensive dialogue with J.L.O., trying to get her to understand that her current lifestyle could lead her into much greater difficulties, especially if she became pregnant. While the court may have concurred with the level 4 recommendation had a facility been available, it is clear that the departure was in part, at least, based on the court’s strong feeling that commitment was required and that release was not a viable option.[1]
*442 While it is true that lower risk programs were not available, the court had good reason to reject the idea of releasing the child. Thus, other valid reasons for departure are supported by the record. It was not solely the unavailability of the recommended program that led to the higher placement, but the child’s need for a secure facility as evidenced by her prior history in the juvenile system. Section 39.01(59)(d), Florida Statutes (Supp.1996), provides that: “High-Risk Residential — Youth assessed and classified for this level of placement require close supervision in a structured residential setting that provides 24-hour-per-day secure custody, care, and supervision.” Under the factual circumstances of this case, the court was in a better position than are we in determining the most appropriate placement, and did not abuse its discretion in rejecting the department’s recommendation. When the department recommends an unavailable program, the juvenile court should be accorded a wide latitude of discretion in determining’ the proper placement. The order of disposition is affirmed.
AFFIRMED.
W. SHARP, J., concurs and concurs specially with opinion.
GRIFFIN, C.J., dissents with opinion.

. Excerpts of the disposition hearing follow:
[[Image here]]
THE COURT: Recommendations.
MR. LEFEVERS: (For DJJ) They're recommending Level 4 residential. I believe they’re targeting the CATS program, which is a pretty good program for girls 12 to 16, no prior commitments, etcetera.
MS. LOMBARDO: (Defense Counsel) Judge, [J.L.O.] wanted me to let the Court know that she doesn't really agree with the recommendations. She doesn't ...
THE COURT: What would she like, a Level 8?
THE CHILD: No.
MS. LOMBARDO: I asked her what she would like, but she didn’t ...
*442 THE COURT: You’re on the way. You are on the way. You know what, [J.L.O.]? This could have been resolved long ago with community control and you getting along with everybody and living happily ever after. But you know what? You're being — you're earning this. You've earned this because of your hard head.
THE CHILD: (Indiscernible words)
THE COURT: Okay. I’m willing to go ahead and commit you to even a higher level, if that needs to be. What's it going to take, [J.L.O.]? I have a feeling you like coming to court.
[[Image here]]
But do you realize that with what you're telling me, the recommendation for level 4 residential is not an appropriate one? The moment I release you, you are basically going to— I am setting you up for failure.
[[Image here]]
Well, based upon the waiting period before a Level 4 or a Level 6 program is available, that is not a reasonable alternative. Because the moment that this court places this child either in Level 4 or Level 6, there will be a legal requirement that she be -released. If she is released before entering a program, she is likely, based upon what has been placed on the record here, to run away not to abide by the rules pending commitment. So at this point, the only alternative that I have is to depart upwards to a Level 8 commitment.
[[Image here]]
I’m aware of the family situation. We have had this case come up, and she has basically been absolutely resistant to anything and everything that has happened so far. That’s another good reason why a Level 8 secure program is required.