SAWAYA, J.
T.S. appeals the disposition order committing him to a level eight commitment following his violation of community control. He argues that the trial court erred in disregarding the recommendation of the Department of Juvenile Justice (DJJ), which had advised that a level six disposition would be appropriate. We agree.
T.S. had been placed on community control in April 2000 following his conviction for one count of lewd and lascivious act against a child under sixteen. T.S. was not to leave his grandmother’s residence without permission, a condition he was apparently unwilling to abide by. The probation officer informed the court that although the pending violation of conditions charged only one event, T.S. had repeatedly been outside the range of his monitoring equipment.
The trial court expressed its frustration with T.S.’s refusal to adhere to the simple and clear terms of his community control, stating that the fact that T.S. had repeatedly violated the house arrest “shows that he can’t abide by a liberal schedule in the sense that he’s got to be closely supervised.” This conclusion was in conflict with that reached by DJJ. DJJ desired some form of punishment simply to “get his attention,” and that was why DJJ had agreed to a level six commitment. Other than T.S.’s wanderlust, there were no other factors suggesting that T.S. was not progressing as hoped. He was doing well in school and in counseling and had not involved himself in any further criminal acts.
After learning that a level six commitment ranged from four to six months, the court announced its decision to adjudicate T.S. guilty and commit him to a level eight. The court did, however, reserve jurisdiction to review T.S.’s progress after four months and perhaps place T.S. back on community control if he was doing well. The court cautioned that if T.S. did not have an immaculate record on level eight for four months, T.S. would be there at least a year. The order was entered accordingly.
 T.S. argues that the trial court departed from DJJ’s recommendation without providing a sufficient reason and without competent, substantial evidence supporting its departure. See A.C.N. v. State, 727 So.2d 368 (Fla. 1st DCA 1999) (holding that a court’s decision to disregard DJJ’s recommendation and increase the restrictiveness level must be supported by a preponderance of the evidence and have reference to the needs of the child). “Our review on appeal is limited to a determination of whether the trial court’s findings are supported by competent substantial evidence.” A.G. v. State, 737 So.2d 1244, 1248 (Fla. 5th DCA 1999) (citing A.C.N.). If the trial court disregards the DJJ’s recommendations without sufficient reasons, the cause must be reversed and remanded. Id.
Section 985.23(3)(c), Florida Statutes (2000), states:
(c) The court shall commit the child to the department at the restrictiveness *173 level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department. Any party may appeal the court’s findings resulting in a modified level of restrictiveness pursuant to this paragraph.
Simple disagreement with DJJ’s recommendation is insufficient to permit departure from the recommendation. A.G.; A.C.N.
In the instant case, the trial court’s statements show that it wanted T.S. placed where he would be supervised at all times. Because level six did not provide that level of supervision, the court ordered T.S. placed on level eight. However, it is clear that DJJ did not believe that T.S. needed that level of supervision; it only wanted a level six commitment solely to punish T.S. for ignoring his monitoring device. DJJ knew that T.S. had not been adhering to the terms of his community control (house arrest), but had concluded that punishment at a level six would be sufficient and appropriate. This is a clear example of a trial court disagreeing with DJJ’s recommendation and imposing its own will without competent substantial evidence supporting its conclusion that confinement was required in the face of DJJ’s conclusion that a level six commitment would be adequate punishment. Accordingly, we reverse and remand for commitment to a level six facility.
REVERSED and REMANDED.
THOMPSON, C.J., and SHARP, W„ J., concur.