832 So.2d 877 (2002)
M.P., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1068.
District Court of Appeal of Florida, Fifth District.
December 6, 2002.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
M.P. appeals from an order of disposition which found M.P. delinquent and committed M.P. to a Level 6 Moderate-Risk residential program. We affirm.
The commitment was despite a Department of Juvenile Justice ("DJJ") recommendation that M.P. be returned to community control. M.P. contends on appeal that the trial court erred when it rejected the DJJ's recommendation by not following the requirements of section 985.23(3)(c) Florida Statutes (2000).[1] M.P. asserts that the trial court erred because it overruled DJJ's recommendation without taking into account the needs of the child vis-a-vis the characteristics of the restrictiveness level.
*878 M.P. is a child with special needs: M.P. suffers from hyperactivity, anxiety, and attention deficiency problems. To accommodate his needs, M.P. was in special classes. M.P. was on community control for one year at the time of this delinquent act. The current act was initially charged as grand theft of a motor vehicle in the second degree, but as the result of plea negotiations, the charge was reduced to trespass to a conveyance. At the disposition hearing, the trial court heard testimony showing that M.P. requires special programs, that M.P. worked diligently during the school year, that he appeared to be well-motivated, and that he appeared to have put forth his best efforts to complete high school. The trial court also heard testimony that M.P. could be defiant and disrespectful in class as well as tardy and truant. On bad days, M.P. was disruptive. After the testimony the trial court stated why it would not accept the DJJ's recommendations:
[T]he youth has exhibited a continuing and persistent pattern of delinquent and [aberrant] behavior while on probation evidencing that probation is not an adequate restrictiveness level and that a Moderate Risk restrictiveness level is appropriate. Obviously the youth needs include learning anger control and impulse control, and learning to participate in school work daily with no disciplinary referral, no tardiness, nor disruption, nor defiance, nor disrespect. The performance goals of this youth or any youth in a Moderate Risk commitment program are calculated to address those goals in addition to providing individual counseling and other appropriate intervention methods.
A trial court may not depart from the DJJ's recommendation because it disagrees with the recommendation. A.G. v. State, 737 So.2d 1244 (Fla. 5th DCA 1999). However, the court may depart as long as it states reasons for the departure and those reasons are supported by a preponderance of the evidence. L.O. v. State, 718 So.2d 155, 157 (Fla.1998). In this case, the court recognized that although M.P. was improving, M.P. was on community control when he committed the new offense. The trial court observed that M.P. was disruptive at school, was disrespectful toward teachers, and still had problems with anger management and impulse control. Further, the restrictiveness level of community control had not helped M.P. with his social adjustment or his school adjustment. The court concluded that M.P. needed the structure of the Moderate-Risk restrictiveness level.
We find that there is competent, substantial evidence in the record to support the trial court's findings. We cannot say that the trial court abused its discretion when it rejected the DJJ's recommendation. See D.E.R. v. State, 744 So.2d 1244 (Fla. 5th DCA 1999); J.L.O. v. State, 721 So.2d 440 (Fla. 5th DCA 1998); E.L. v. State, 715 So.2d 353 (Fla. 1st DCA 1998).
AFFIRMED.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] Fla. Stats. § 985.23(3)(c) reads:

The court shall commit the child to the department at the restrictiveness level identified or may order placement at different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department.