VAN NORTWICK, J.
J.W.M., a child, appeals from his adjudication of delinquency and commitment to the Department of Juvenile Justice. Because the trial court failed to provide adequate reasons for its departure from the restrictiveness level in the Department’s commitment recommendation, we reverse.
Section 985.23(3)(c), Florida Statutes (2004), governs the commitment of this child. This statute provides:
The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which established by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department. Any party may appeal the court’s findings resulting in a modified level of restrictiveness pursuant to this subparagraph.
In D.R.B. v. State, 876 So.2d 700 (Fla. 1st DCA 2004), we explained the standards applied in reviewing a trial court’s order that departs from the Department’s recommended restrictiveness level of commitment:
A trial court’s decision to depart from the Department’s commitment recom *1290 mendation for reasons not considered by the Department must be supported by competent, substantial record evidence, and the trial court’s reasons must reference the characteristics of the restrictiveness level in relation to the needs of the child. A.C.N. v. State, 727 So.2d 368, 370 (Fla. 1st DCA 1999). Where the trial court’s departure is based on evidence or factors considered by the Department, the trial court must explain why such evidence led the court to reach a different conclusion than the Department. E.S.B. v. State, 822 So.2d 579, 581 (Fla. 1st DCA 2002).
J.W.M. was charged with simple battery following an incident during which another student’s head was shoved into a toilet in a school restroom. J.W.M. entered a plea, and the Department of Juvenile Justice recommended that adjudication be withheld and that he be placed on probation. The trial court departed from this recommendation. The court adjudicated J.W.M. delinquent and ordered him placed in a low risk residential facility. In so committing the appellant, the trial court did not expressly refer to or explain why it was departing from the Department’s recommendation. At the time the trial court adjudicated and committed J.W.M., the court stated:
I’ve always thought that schools hold a special place in society. They are really sort of a sacred institution to me.
And I’ve always felt that children should be free to go to these schools and have peace and tranquility. And I’ve always felt that teachers should have that same peace and tranquility.
And I just think that a student ought to be able to go to the restroom and not have somebody come up and stick his head in the toilet and cause serious bodily injury to them.
Now, that is the way I feel about it. And when that equilibrium is upset, someone should be held accountable.
[[Image here]]
[Y]ou are adjudged delinquent. You are committed to the custody of the Department at a low-risk residential level. Where you are assigned is up to the Department. I have no control over that. That’s an executive function. I would hope, however, that they would put you in one of the wilderness programs. That would be to your benefit. This is not meant necessarily as a punitive gesture towards you, but I think that it’s important that it be reinforced upon you that this type of behavior is totally unacceptable.
We can only assume that this statement constitutes the reasons for the trial court’s departure from the recommended disposition. If this discussion of schools constitutes the trial court’s reason for the departure, however, it is insufficient. The fact that the offense occurred at school was a fact known to the Department in making the recommendation. As a result, under the applicable statute and case law, the trial court was required to explain why its consideration of this factor led the court to reach a different conclusion than the Department. E.S.B. v. State, 822 So.2d at 581; D.R.B. v. State, 876 So.2d at 700-01. Moreover, although the trial court stated that it was “important that it be reinforced upon [J.W.M.] that this type of behavior is totally unacceptable,’’ the trial court’s reasons for departure do not explain how the increased restrictiveness level relates to the needs of the child. A.C.N. v. State, 727 So.2d at 370; D.R.B. v. State, 876 So.2d at 700. Finally, contrary to the state’s argument, this is not a case in which the trial court has found that the appellant’s actions were so serious that he was a danger to society. Compare Q.L.J. *1291 v. State, 714 So.2d 628, 629-30 (Fla. 1st DCA 1998)(holding that it was appropriate for the trial court to base its reason for departure “principally upon the finding that appellant’s actions established that he was a danger to society and that, therefore he should be placed in a secure environment for the protection of society.”). As in D.R.B., in the case on review “reversal is warranted because the trial court failed to refer to the needs of the child or explain why factors considered by the Department led the trial court to a different conclusion.” 876 So.2d at 700-01.
Accordingly, the final disposition order is reversed, and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WEBSTER and LEWIS, JJ., concur.