CANADY, Judge.
J.A.R. appeals his juvenile adjudication for battery and obstructing an officer without violence and the disposition order committing him to a moderate-risk residential placement. Because the trial court’s disposition is not supported by competent, substantial evidence, we reverse the disposition order and remand for a new disposition hearing.

Background

The trial court held an adjudicatory hearing and found J.A.R. guilty of battery against his girlfriend and obstructing an officer without violence during the officer’s attempt to arrest him for the battery. Prior to sentencing, the Department of Juvenile Justice filed a predisposition report, recommending that J.A.R. be placed in a low-risk residential program. The predisposition report referenced a psychological evaluation report prepared by Eric L. Rosen, Ph.D., a licensed psychologist, which was submitted to the trial court along with the predisposition report. At the disposition hearing, defense counsel requested probation in lieu of a residential program. Defense counsel argued that J.A.R. could receive anger management and other treatment at home. The State responded that J.A.R. had been unsuccessful with probation in the past. The State *605 recognized the recommendation of the Department but stated that “low-risk residential may not be appropriate.” The State suggested that “a moderate-risk residential may be more appropriate” based on a “myriad of programs ... available in a moderate-risk residential placement that would not be available to him in a low-risk residential placement.” Defense counsel replied that the “Department,... had the benefit of a staffing” and urged the trial court to follow the Department’s recommendation if the trial court was not inclined to give him probation. The trial court placed J.A.R. in a moderate-risk program based on the psychological report and “the representation that there are more things available within the moderate-risk program than there are in the low-risk program.”

Argument on Appeal

J.A.R. argues that the trial court erred in departing from the Department’s recommendation by placing him in a moderate-risk residential program. He claims that the trial court’s reasons for departing were not supported by competent, substantial evidence but were instead based on unsubstantiated claims by the prosecutor. Specifically, he asserts that “there was no testimony to support the prosecutor’s claim that moderate-risk placement had more programs available than low-risk” placement.
The State responds that the trial court clearly and precisely set forth the reasons it disregarded the Department’s recommendation of placement in a low-risk residential program. The State contends that the trial court properly relied on the prosecutor’s assessment that the necessary programs were not available in a low-risk facility.

Analysis

Section 985.23(3), Florida Statutes (2004), provides in pertinent part:
- (b) If the court determines that commitment to the [Department [of Juvenile Justice] is appropriate, the juvenile probation officer shall recommend to the court the most appropriate placement and treatment plan, specifically identifying. the restrictiveness level most appropriate for the child.... The court shall consider the department’s recommendation in making its commitment decision.
’(c) The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department.
Accordingly, “[a] court may depart from the Department’s [commitment] recommendation only if it gives a rationale supported by a preponderance of the evidence.” X.W. v. State, 903 So.2d 318, 319-20 (Fla. 2d DCA 2005). The court must reference the characteristics of the restrictiveness level vis-a-vis the needs of the child, and the court cannot reject the recommendation because it disagrees with the Department’s assessment. Id. at 320. “The standard of review is whether the ‘findings underpinning the decision to disregard the Department’s recommended placement are supported by competent, substantial evidence.’” Id. (quoting A.J.V. v. State, 842 So.2d 1027, 1028 (Fla., 2d DCA 2003)).
In departing from the Department’s recommendation, the trial court stated that J.A.R. would have access to programs and services available in a moderate-risk residential placement that would not be available in a low-risk residential placement. ’This finding is not, however, *606 supported by competent, substantial evidence.
In his psychological report, Dr. Rosen recommended that “[placement is advised with social skills training, anger management, and counseling to augment self control, and chemical dependency concerns, impulse control difficulties, and social judgment.” The predisposition report also indicated that Dr. Rosen “recommended that the youth could benefit from a more structured environment such as a commitment program with a substance abuse component.”
The dispute between the State and J.A.R. with respect to this matter focuses not on the issue of what treatment is appropriate for J.A.R., but on whether that treatment is unavailable in a low-risk placement. Although both the psychological report and the predisposition report recommended that J.A.R. receive certain treatment, at the disposition hearing no evidence was presented that J.A.R. would receive more appropriate treatment in a moderate-risk placement than in a low-risk placement. See K.M. v. State, 891 So.2d 619, 620-21 (Fla. 3d DCA 2005) (rejecting trial court’s reasoning that a high-risk placement was more appropriate because the juvenile “was a risk to public safety” where the Department had recommended moderate-risk placement and there was “no evidence that a moderate-risk placement would be insufficient to keep [the juvenile] under control”).
The prosecutor’s assertion that a low-risk residential placement could not provide programs to address J.A.R.’s needs did not constitute evidence on which the trial court could rely in the absence of a stipulation by J.A.R.’s counsel. See State v. Brugman, 588 So.2d 279, 279 (Fla. 2d DCA 1991) (holding that “[a]n attorney’s unsworn statement does not establish a fact in absence of a stipulation” and does not constitute “competent evidence”); Leon Shaffer Golnick Adver., Inc. v. Cedar, 423 So.2d 1015, 1017 (Fla. 4th DCA 1982) (“If the advocate wishes to establish a fact, he must provide sworn testimony through witnesses other than himself or a stipulation to which his opponent agrees.”). Furthermore, the statutory definitions of the restrictiveness levels themselves do not demonstrate that J.A.R.’s needs would be better served by the programs available in a moderate-risk placement. See § 985.03(45)(a)-(b) (generally defining the restrictiveness of the low-risk and moderate-risk residential programs).

Conclusion

Because there was no competent, substantial evidence to support the trial court’s finding that a moderate-risk placement would be able to provide more appropriate services than a low-risk placement, we reverse the disposition order and remand for further proceedings.
Reversed and remanded.
FULMER, C.J., and LaROSE, J., Concur.