PER CURIAM.
K.B., a child, appeals a final disposition order that adjudicated K.B. delinquent and committed him to a moderate risk residential placement. This commitment deviated from the recommendation made by the Department of Juvenile Justice (the Department) to commit K.B. to a low risk residential placement. We affirm in part, reverse in part, and remand for further proceedings.
In section 985.23(3)(e), Florida Statutes (2005), the legislature has mandated that, where the trial court orders placement at a different restrictiveness level than the level recommended by the Department,
[t]he court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department.
Our opinions make clear that the reasons set forth by the trial court in support of a deviation from the recommendation of the Department must be supported by competent, substantial evidence, and the trial court’s reasoning must refer to the characteristics of the restrictiveness level in relation to the needs of the child. J.W.M. v. State, 911 So.2d 1289 (Fla. 1st DCA 2005); N.B. v. State, 911 So.2d 833 (Fla. 1st DCA 2005); S.C. v. State, 877 So.2d 850 (Fla. 1st DCA 2004); D.R.B. v. State, 876 So.2d 700 (Fla. 1st DCA 2004). Further, where the trial court’s deviation is based on evidence or factors already considered by the Department, the trial court must explain why such evidence led the court to reach a conclusion which differs from the Department’s. J.W.M. v. State; S.C. v. State; D.R.B. v. State; E.S.B. v. State, 822 So.2d 579 (Fla. 1st DCA 2002). In the order on appeal, the trial court failed to satisfy the statutory requirements in that it did not explain why its consideration of the same evidence and factors considered by the Department in its recommendation led the court to a different conclusion than that recommended by the Department or how the restrictiveness level related to the needs of the child. As a result, we affirm the trial court’s adjudication of delinquency, but reverse the disposition and remand the case to the trial court for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
ALLEN, BENTON and VAN NORTWICK, JJ., concur.