WALLACE, Judge.
M.S., a juvenile, appeals from the disposition order that adjudicated him delinquent for committing an aggravated battery and that departed from the recommendation of the Department of Juvenile Justice (the Department) concerning the restrictiveness level most appropriate for him. M.S. raised three issues on appeal: two that addressed the trial court’s finding of guilt and adjudication of delinquency and one that addressed the disposition order and the trial court’s departure by committing him to a moderate-risk-level residential program. We affirm without further comment the trial court’s finding of guilt and adjudication of delinquency. However, because we find that the trial court departed from the Department’s recommendation concerning the restrictiveness level without stating sufficient reasons for the record, we reverse the disposition order and remand for a new disposition hearing.
At M.S.’s trial for aggravated battery, the trial court found him guilty as charged and ordered the Department to complete a predisposition report before the disposition hearing. In its report, the Department recommended “probation with house arrest” and additional sanctions, including “sanctions that would address [M.S.’s] issues with anger.” The trial court departed from the Department’s recommendation and instead committed M.S. to a moderate-risk-level residential program. The trial court stated:
The seriousness of this incident and the serious injuries sustained obviously aggravate the situation.
[[Image here]]
Per the [Department’s] expert evaluation that was done in this case, you do have a history of anger as you know. And you’ve dealt with that before in counseling sessions. You do have prior burglaries and thefts although those were dealt in a diversion aspect.... So this isn’t your first brush with the law. [The Department’s] recommendation is well intentioned. Reasonable people can differ, but it is not in line with their own expert evaluation. I do not believe that probation is appropriate.... [I]t just doesn’t recognize the seriousness of this....
..: There will be a moderate level commitment..
M.S. filed a motion to correct the disposition order, which the trial court denied. In its order denying M.S.’s motion, the trial court found that it had “provided the following reasons” for departing from the Department’s recommendation:
*1046 1. Serious injury occurred (the result of an intentional stabbing).
2. Although diverted, the child had been charged previously with two separate incidents, a prior burglary and a prior theft.... Diversion programs where a child’s needs are addressed in the community can be analogized to the concept of probation, and diversion was not sufficient to teach the child to not engage in criminal activity.
3. The child has a history of anger that was not successfully treated in outpatient counseling.
A trial court may not depart from the Department’s recommendation simply because it does not agree with the Department’s assessment. X.W. v. State, 903 So.2d 318, 320 (Fla. 2d DCA 2005). However, a trial court may depart from the restrictiveness level recommended by the Department if it “state[s] for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department.” § 985.23(3)(c), Fla. Stat. (2003). The trial court “must ‘reference the characteristics of the restrictiveness level vis-a-vis the needs of the child.’ ” A.J.V. v. State, 842 So.2d 1027, 1029 (Fla. 2d DCA 2003) (quoting P.R. v. State, 782 So.2d 911, 913 (Fla. 5th DCA 2001)).
Although the trial court gave three reasons for its departure from the Department’s probation recommendation for M.S., the reasons failed to address why the restrictiveness level the trial court selected would better serve M.S.’s needs. See X.W., 903 So.2d at 320 (stating, “The focus of the disposition should be on the child’s needs.”); N.B. v. State, 911 So.2d 833, 836 (Fla. 1st DCA 2005) (reversing a departure from the Department’s recommendation because the trial court did not explain why the child “should be placed in a ... residential facility rather than on probation”); E.S.B. v. State, 822 So.2d 579, 581 (Fla. 1st DCA 2002) (reversing a departure because the trial court failed to “set forth its reasons in the context of the needs of the child”). Specifically, the trial court indicated its concern about M.S.’s history of anger but did not state why his commitment to a moderate-risk-level residential program would address M.S.’s needs differently than the Department’s recommendation that included “sanctions that would address [M.S.’s] issues with anger.” The trial court also failed to explain how the features of the moderate-risk-level residential program would address M.S.’s other needs.
Accordingly, we affirm the delinquency adjudication but reverse the disposition order and remand for a new disposition hearing. For the guidance of the trial court and the parties on remand, we note that the trial court’s rationale for departing from the Department’s recommendation must be supported by evidence in the record or an appropriate stipulation. See J.A.R. v. State, 923 So.2d 604 (Fla. 2d DCA 2006).
Affirmed in part, reversed in part, and remanded.
WHATLEY and CASANUEVA, JJ., Concur.