928 So.2d 511 (2006)
K.R.T., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-5509.
District Court of Appeal of Florida, First District.
May 11, 2006.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Elizabeth F. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
K.R.T. appeals the disposition order committing him to a high-risk residential program. The Department of Juvenile Justice (DJJ) had recommended committing him to a moderate-risk residential program. Because the trial court failed to explain "why the new restrictiveness level is indicated," N.B. v. State, 911 So.2d 833, 836 (Fla. 1st DCA 2005), we reverse and remand for further proceedings.
Here, as in A.C.N. v. State, 727 So.2d 368, 371 (Fla. 1st DCA 1999), "the protection of society and punishment of the child are appropriate considerations." Also as in A.C.N., however, "[t]he restrictiveness level recommended by the Department [already] requires the placement of appellant in a residential program," and "the trial court did not explain why a more secure residential placement was required." Id. While the trial court offered reasons for why it came to a different conclusion than DJJ did in the present case, the trial court failed to explain why a moderate-risk residential commitment would not adequately address appellant's needs and the public interest, or why a high-risk residential commitment would be preferable. See N.B., 911 So.2d at 836; *512 S.S.M. v. State, 814 So.2d 1234, 1235 (Fla. 5th DCA 2002) (vacating where "[t]he reasons given for imposing a level 8 program here were that the minor appeared to be out of control and disrespectful to her mother," but "[t]he court made no reference to the level 8 restrictiveness level or how such a level served the needs of S.S.M.").
The evidence could not, moreover, support a finding that moderate-risk residential placement would not suffice to control and rehabilitate appellant. See J.A.R. v. State, 923 So.2d 604 (Fla. 2d DCA 2006) (reversing where no evidence was presented that the low-risk residential placement recommended by DJJ could not provide programs recommended for J.A.R., and where "the statutory definitions of the restrictiveness levels themselves do not demonstrate that J.A.R.'s needs would be better served by the programs available in a moderate-risk placement"). Compare A.J. v. State, 826 So.2d 528, 529-31 (Fla. 5th DCA 2002) (approving court's placement in high-risk, instead of moderate-risk, residential facility where juvenile had ten prior offenses and previously had been committed to a moderate-risk facility and had gone on to commit other offenses after being released from the program).
K.R.T. had not previously been committed to a residential facility, and there was no evidence that he presents a flight risk. See K.M. v. State, 891 So.2d 619, 620-21 (Fla. 3d DCA 2005) ("[T]he trial court's reasons for departure are not supported by a preponderance of the evidence. None of K.M.'s prior arrests resulted in the imposition of sanctions more severe than probation. . . . [S]he was not placed in a moderate-risk placement prior to the institution of the current proceedings and, therefore, never ran away from such placement. Thus, there is no evidence that a moderate-risk placement would be insufficient to keep K.M. under control."); A.W. v. State, 862 So.2d 858, 860 (Fla. 4th DCA 2003) ("[T]he record does not contain competent and substantial evidence that A.W. is a danger to the public and needs to be in a facility that is `hardware-secure with perimeter fencing and locking doors' with `24-hour awake supervision.'"). Compare K.S. v. State, 835 So.2d 350, 352 (Fla. 4th DCA 2003) (upholding court's commitment to high-risk facility where evidence showed juvenile was a flight risk and her conduct exposed her to danger, and court found that high-risk facility was necessary to "`secure' the juvenile for her own protection as well as that of the public"); C.T. v. State, 819 So.2d 869, 871-72 (Fla. 4th DCA 2002) (approving placement of juvenile in high-risk, instead of recommended moderate-risk, facility where the child had violent tendencies and was a flight risk); A.J. v. State, 826 So.2d at 529-31 (approving court's placement in high-risk, instead of moderate-risk, facility where juvenile had ten prior offenses, many of which were violent).
The disposition is reversed, and the case is remanded.
POLSTON and THOMAS, JJ., concur.