PER CURIAM.
In this delinquency case consolidating three appeals, J.M. challenges a disposition order committing him to a level 8 placement despite the Department of Juvenile Justice’s recommendation that he be committed to a level 6 placement. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.145(b)(1). We reverse the disposition order in case number 05-4367, but the disposition orders in case numbers 05-4368 and 05-4369 are affirmed.[1]
To disregard DJJ’s commitment recommendation a trial court must state its reasons and “must reference the characteristics of the restrictiveness level vis-a-vis the needs of the child.” A.G. v. State, 737 So.2d 1244, 1247 (Fla. 5th DCA 1999). See also T.N. v. State, 929 So.2d 1133, 1136-37 (Fla. 5th DCA 2006); C.M.L. v. State, 895 So.2d 495, 496 (Fla. 5th DCA 2005); T.S. v. State, 801 So.2d 171, 172 (Fla. 5th DCA 2001). Here, the trial court gave reasons, the primary one being J.M.’s failures to appear for hearings. The court, however, did not make reference to the characteristics of a level 8 program vis-a-vis J.M.’s needs. Indeed, the court did not mention JM.’s needs at all. The statutory definition of high-risk residential programs states that “[placement in programs at this level is prompted by a concern for public safety that outweighs placement in programs at lower commitment levels.” § 985.03(46)(d), Fla. Stat. (2005). Nothing in this case indicates that the court was concerned about public safety with respect *1140 to J.M. Even the court’s gang comment— the evidentiary support for which is unclear — was directed toward keeping J.M. away from gang members rather than protecting the public from J.M. See A.W v. State, 862 So.2d 858 (Fla. 4th DCA 2003).
Accordingly, we reverse the trial court’s order in case number 05-4367 and remand for sentencing in accordance with the DJJ’s recommendation or a sentence that is justified by the record with stated reasons. See G.L. v. State, 937 So.2d 801 (Fla. 5th DCA 2006).
AFFIRMED in part; REVERSED in part AND REMANDED.
SAWAYA, TORPY and EVANDER, JJ., concur.

. Appellant received sentences of time served in the latter two cases and makes no challenge to these dispositions on appeal.