CANADY, Judge,
Concurring specially.
I concur in both the decision to affirm the adjudication of delinquency and the decision to reverse the disposition.
In applying section gSS^^Xc),[1] this court has in prior cases followed the rule that a trial court’s rationale for disregarding the restrictiveness level recommended by DJJ must “ ‘reference the characteristics of the restrictiveness level vis-a-vis the needs of the child.’ ” A.J.V., 842 So.2d at 1029 (quoting P.R., 782 So.2d at 913); see also M.S. v. State, 927 So.2d 1044 (Fla. 2d DCA 2006); J.A.R. v. State, 923 So.2d 604 (Fla. 2d DCA 2006); X.W., 903 So.2d 318. Under the reasoning of these cases, the justification for disregarding the recommended restrictiveness level cannot be based merely on the trial court’s pronouncement that more severe punishment is warranted. Based on these precedents requiring that “[t]he focus of the disposition ... be on the child’s needs,” X.W., 903 So.2d at 320, I concur in the decision to reverse the disposition.

. The statutory provisions governing disposition hearings in delinquency cases are now found in section 985.433, Florida Statutes (2006).