BENTON, J.
We reverse the disposition order in this juvenile delinquency case because the trial court did not adequately explain its basis for disregarding the recommendation the Department of Juvenile Justice (DJJ) made in its predisposition report to restore P.Y. to probation.
In a disposition proceeding, the court determines whether a culpable juvenile should be committed to the custody of the DJJ and, if so, at what restrictiveness level. § 985.433(6), Fla. Stat. (2007). “This determination shall include consideration of the recommendations of the department, which may include a predisposition report.” Id. If the court determines that commitment is warranted, “such determination shall be in writing or on the record of the hearing,” and “shall include a specific finding of the reasons for the decision to adjudicate and to commit the child to the department.” § 985.433(7), Fla. Stat. (2007).
Although section 985.433(7), Florida Statutes (2007), confers discretion to depart from the DJJ’s recommendation, the court may not deviate merely because *1169 it disagrees with the recommendation. See A.C.N. v. State, 727 So.2d 368, 370 (Fla. 1st DCA 1999). The court must articulate reasons for not following the DJJ recommendation, and any factual predicate must be supported by a preponderance of the evidence. Id. In the event of commitment, moreover, the stated “reason[s] must have reference to the characteristics of the restrictiveness level vis-a-vis the needs of the child.” Id. (quoting J.L.O. v. State, 721 So.2d 440, 443 (Fla. 5th DCA 1998) (Griffin, C.J., dissenting)). See also L.R. v. State, 948 So.2d 827, 830 (Fla. 2d DCA 2007) (reversing and remanding for a new disposition hearing when “[i]n committing L.R. to a residential facility instead of placing her on probation, the trial court failed to indicate how the restrictiveness level related to L.R.’s needs or how the nature of her offense required such commitment”).
Here P.Y. had originally been placed on probation in two grand theft auto cases and a trespass case consolidated for disposition. While he was on probation, a confrontation at his home resulted in an additional charge of resisting an officer without violence, as well as revocation proceedings. In a predisposition report, the DJJ recommended that P.Y. remain on probation, but at the disposition hearing the trial court ordered moderate-level commitment. When P.Y.’s attorney objected, the trial judge stated: “The reasons for the deviation are based on the P.D.R. itself, the recitation of the facts, and ... the fact that the child has engaged in a continuing pattern of delinquent behavior. And this requires a more restrictive disposition to protect the public.”
The trial judge erred by failing to explain why or how he reached a different conclusion than the DJJ based on facts already set out in the predisposition report. See K.B. v. State, 923 So.2d 1261, 1262 (Fla. 1st DCA 2006) (“[W]here the trial court’s deviation is based on evidence or factors already considered by the Department, the trial court must explain why such evidence led the court to reach a conclusion which differs from the Department’s.” (citing J.W.M. v. State, 911 So.2d 1289 (Fla. 1st DCA 2005))); D.B. v. State, 923 So.2d 1259, 1260 (Fla. 1st DCA 2006).
Basing its decision on the protection of the public did not absolve the court of its responsibility to relate the level of commitment it imposed to the needs or attributes of the particular child. See A.C.N., 727 So.2d at 370 (Griffin, C.J., dissenting) (quoting J.L.O. v. State, 721 So.2d 440, 443 (Fla. 5th DCA 1998)). The trial court failed to tailor the level of commitment to the needs either of P.Y. or of the public with specific regard to P.Y., and failed even to address the question of what sanction his particular, individual situation called for.
The trial court’s inadequate reasons require reversal. See K.B., 923 So.2d at 1262; D.B., 923 So.2d at 1260. See also L.R., 948 So.2d at 830. Accordingly, we reverse the disposition order and remand for a new disposition hearing.
Reversed and remanded.
DAVIS and THOMAS, JJ., concur.