7 So.3d 1140 (2009)
E.E., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2040.
District Court of Appeal of Florida, Fourth District.
March 11, 2009.
*1141 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
The disposition imposed for burglary of a dwelling places this child in a moderate-risk residential program contrary to the assessment and recommendation of the Department of Juvenile Justice (DJJ) calling simply for probation. At the disposition hearing in March 2008, the State called no witnesses, presented no evidence, and instead merely urged the court to disregard the DJJ recommendation. The State pointed out that the Child had already been placed on probation for a prior offense when the new offense was committed and had failed to comply with the conditions imposed thereby.
In pronouncing the disposition, the trial judge explained why he disregarded the DJJ assessment and recommendation:
"I've considered the comments made by the attorneys, the Department, the State and Mr. Long as well. I've considered the seriousness of the offense to the community. I've considered the fact that there's a 985.433the seriousness of the offense to the community; the protection of the community in [sub]section (b) requires adjudication and commitment when the offense was committed in a premeditated or willful manner; the recordprevious criminal history of this child, including his periods of probation; the prospects in [sub]section (g) of adequate protection of the public; and likelihood for rehabilitation if he's committed to a community services program, and (f) I find ... that's not true; the fact that he's tested [while] he was on probation, he's testing positive for marijuana when he's testing for this case; he's not doing anything in school. He really did very little on the, when he was on the prior probation. So he's a, really doesn't have much direction at the present time. I'm going to disregard by the preponderance of the evidence the recommendation of the Department of Juvenile Justice."
On appeal counsel for the Child argues it was an abuse of discretion to disregard the recommendation of DJJ. First, he *1142 points out that the trial court's pronouncement fails to "articulate the characteristics [of the restrictiveness level imposed] vis-à-vis the needs of the child." Second, he disputes whether the State produced any evidence at the disposition hearing as a basis for disregarding the DJJ recommendation. Third he asserts that the Court's disposition reflects mere disagreement with the DJJ recommendation and is thereby improper. Finally, he maintains that the Child's actual history involves only a minor misdemeanor offense of possession of marijuana, indicative of substance abuse and not criminal behavior. He contends that placing him now in a "juvenile jail" for a non-violent property crime defeats his real needs, which are "ongoing drug treatment and counseling."
The outcome is controlled by the recent decision in E.A.R. v. State, 4 So.3d 614 (Fla.2009). Reversing this Court's decision in a similar appeal,[1] the Supreme Court has now required that in pronouncing the disposition the Judge must:
"(1) Articulate an understanding of the respective characteristics of the opposing restrictiveness levels including (but not limited to) the type of child that each restrictiveness level is designed to serve, the potential `lengths of stay' associated with each level, and the divergent treatment programs and services available to the juvenile at these levels; and
"(2) Then logically and persuasively explain why, in light of these differing characteristics, one level is better suited to serving both the rehabilitative needs of the juvenilein the least restrictive settingand maintaining the ability of the State to protect the public from further acts of delinquency."
4 So.3d at 638.
We conclude that the trial court's explanation for disregarding the DJJ assessment and recommendation does not comply with the requirements for pronouncing disposition since laid down by the Supreme Court. It seems to us that the trial court's pronouncement expresses cogent reasons why more severe punishment rather than another bout of probation would more likely address the Child's primary need to appreciate and comply with his duty to control his own behavior and at the same time protect the public from his present unwillingness to do so. Even so, the Judge's pronouncement (however cogent it may be to us) does not comport with the specific methodology for pronouncing disposition the Court has now required in E.A.R. Unless the Legislature specifies otherwise in new legislation, Juvenile Court judges will simply have to follow the E.A.R. pronouncement method in all cases.
Reversed and remanded for a new disposition hearing.[2]
GROSS, C.J., and MAASS, ELIZABETH T., Associate Judge, concur.
NOTES
[1] E.A.R. v. State, 975 So.2d 610, 610-11 (Fla. 4th DCA 2008) (holding that the statutes do not require the disposition Judge to "specifically identify the characteristics of the restrictiveness level imposed vis-a-vis the needs of the juvenile" in disregarding a DJJ recommendation).
[2] The court is free to require an updated PDR, and all parties should be allowed to present new evidence and argument for the ultimate disposition.