814 So.2d 1234 (2002)
S.S.M., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1054.
District Court of Appeal of Florida, Fifth District.
May 3, 2002.
James B. Gibson, Public Defender, and Scott Ragan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
S.S.M. was committed to a level 8, high-risk residential program. This commitment ignored the recommendations of the Department of Juvenile Justice (DJJ).
A trial court may disregard the recommendations of the DJJ in a juvenile proceeding. See § 985.23(3)(c), Fla. Stat. (2001). However, when the recommendations are disregarded, the court must state the reasons for doing so, including making reference to the characteristics of the restrictiveness *1235 level and the needs of the child. A.G. v. State, 737 So.2d 1244, 1247 (Fla. 5th DCA 1999). The reasons given for imposing a level 8 program here were that the minor appeared to be out of control and disrespectful to her mother. The court made no reference to the level 8 restrictiveness level or how such a level served the needs of S.S.M. Furthermore, considering the offenses committed by S.S.M. (resisting arrest without violence and disrupting a school class), it is unlikely that such a commitment was necessary to protect the "public safety." § 985.03(45)(c), Fla. Stat. (2001).
We vacate the commitment order and remand for sentencing in accordance with the DJJ recommendations or a sentence that is justified by the record with stated reasons. The commitment order should also indicate the term of sentence; the order appealed committed S.S.M. for an indefinite period.
ORDER VACATED; REMANDED.
THOMPSON, C.J., PETERSON and PLEUS, JJ., concur.