PER CURIAM.
S.S.M. was committed to a level 8, high-risk residential program. This commitment ignored the recommendations of the Department of Juvenile Justice (DJJ).
A trial court may disregard the recommendations of the DJJ in a juvenile proceeding. See § 985.23(3)(c), Fla. Stat. (2001). However, when the recommendations are disregarded, the court must state the reasons for doing so, including making reference to the characteristics of the re *1235 strictiveness level and the needs of the child. A.G. v. State, 737 So.2d 1244, 1247 (Fla. 5th DCA 1999). The reasons given for imposing a level 8 program here were that the minor appeared to be out of control and disrespectful to her mother. The court made no reference to the level 8 restrictiveness level or how such a level served the needs of S.S.M. Furthermore, considering the offenses committed by S.S.M. (resisting arrest without violence and disrupting a school class), it is unlikely that such a commitment was necessary to protect the “public safety.” § 985.03(45)(c), Fla. Stat. (2001).
We vacate the commitment order and remand for sentencing in accordance with the DJJ recommendations or a sentence that is justified by the record with stated reasons. The commitment order should also indicate the term of sentence; the order appealed committed S.S.M. for an indefinite period.
ORDER VACATED; REMANDED.
THOMPSON, C.J., PETERSON and PLEUS, JJ., concur.