THOMPSON, J.,
dissents with opinion.
I respectfully dissent. The opinion of the court accurately states the facts of the case and the appropriate Florida law, but I do not agree that the trial court’s disposition follows the applicable law. I would vacate the commitment order and reverse and remand for the court to reconsider the placement.
*500 A trial court can disregard the recommendation of the DJJ, but the court must articulate its reasoning in writing or orally, and its decision must be supported by a preponderance of the evidence. R.L.W. v. State, 708 So.2d 1032 (Fla. 5th DCA 1998). Section 985.23(3)(c), Florida Statutes, provides:
The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The courf shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department. (Emphasis supplied).
See also S.L.K v. State, 776 So.2d 1062 (Fla. 4th DCA 2001). Regardless of how horrible a child’s record is, the court must follow the statute. Moreover, even if the departure is supported by competent, substantial evidence, it is error to fail to state either orally or in writing the reasons for imposing the harsher disposition. E.S.B. v. State, 822 So.2d 579 (Fla. 1st DCA 2002).
Here, the court stated that it was disregarding the DJJ’s recommendation because C.M.L. committed serious crimes against persons and because C.M.L. had prior adjudications. I recognize that C.M.L.’s behavior was inappropriate and dangerous. Moreover, I recognize that C.M.L. acted discourteously and disrespectfully toward DJJ staff members. Neither the nature of the charge against C.M.L. nor his less serious transgressions provide a sufficient basis to depart from the DJJ recommendations. See A.J.V. v. State, 842 So.2d 1027 (Fla. 2d DCA 2003). Additionally, the court stated, “I think the 22 pages of the entire transcript shows [C.M.L.] never accepted responsibility for his conduct in these matters.” We held in K.N.M. v. State, 793 So.2d 1195 (Fla. 5th DCA 2001), that a lack of remorse and an unwillingness to admit guilt were factors that should not have been considered in disregarding the DJJ’s recommendation.
Finally, in departing from the DJJ recommendations, the court erroneously failed to make reference to the characteristics of the restrictiveness level and the needs of the child. See S.S.M. v. State, 814 So.2d 1234 (Fla. 5th DCA 2002); A.G. v. State, 737 So.2d 1244, 1247 (Fla. 5th DCA 1999). The court stated that it was placing C.M.L. in a Level 10 commitment, but the trial court neither wrote nor stated on the record why a commitment to Level 10 would benefit C.M.L.[1] We wrote in AG.: “Not only must the court state in writing or in the record its reasons for disregarding the recommended level, but in addition, the reasons must reference the characteristics of the restrictiveness level vis-a-vis the needs of the child.” 737 So.2d at 1247. A review of the record reveals it is devoid of any such statement by the court on this issue.
Because legally sufficient reasons for departing were not stated in writing or orally, and because the court did not state how the harsher commitment would benefit the child, I would reverse and remand the case for a new disposition hearing.

. The trial court stated: "They [DJJ] totally dismissed a life felony in this case, settling just for a second degree. I’m not going to go along with the recommendations of the department and order a [Level 8]. I am going to impose a [Level] 10 commitment to begin immediately.”