937 So.2d 801 (2006)
G.L., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-4428.
District Court of Appeal of Florida, Fifth District.
September 15, 2006.
*802 James S. Purdy, Public Defender, and Caleb A. Bendix, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
G.L. appeals his adjudication of delinquency and sentence, arguing that the trial court abused its discretion by disregarding the recommendation by the Department of Juvenile Justice ("DJJ") without stating its reasons. We agree and reverse.
G.L. was found with three bags of cannabis that he admittedly intended to sell. The State filed a petition for delinquency, alleging that G.L. possessed cannabis with intent to sell within 1,000 feet of a school.[1] The court accepted G.L.'s guilty plea to the lesser-included offense of possession of marijuana under 20 grams.[2] The DJJ issued a pre-disposition report ("PDR") that restated the facts as alleged in the charging affidavit. The PDR related G.L.'s previous battery offense for which no sanctions had been imposed, good relationship with his mother, school attendance, employment, and cooperation during the arrest and intake conference. Ultimately, the DJJ concluded that G.L. did not need a strict environment and recommended probation and that adjudication be withheld.
At the 29 August 2005 disposition hearing, G.L.'s counsel stated that his mother had control of him and that G.L. was working and attending school. The court reiterated that G.L. had intended to sell drugs:
The recommendation, of course, is probation. I decline to follow that recommendation. Let's get this straight. You cannot sell drugs in school and simply get probation. You get locked up, you go to reform school.
So I'm going to commit him to a Level 6 program ... adjudicate him guilty, commit him to the [DJJ] until his 19th birthday.
Counsel objected, pointing to G.L.'s lack of prior offenses and cooperation. The court responded that the community deserved a school where drugs were not sold. The court ordered commitment at restrictiveness level six, but reduced the commitment term to one year because the charge was a first-degree misdemeanor. That day, the court vacated the order and ordered another disposition hearing because it suspected the DJJ did not look at the facts in the case before making its recommendation.
*803 The DJJ's second PDR repeated the same facts, factors, and probation recommendation. At the November 2005 disposition hearing, the court noted that G.L. had never been on probation. Nevertheless, it again rejected the recommendation:
[I]f he was selling drugs at school, he's getting locked up. I don't care how many points he scores. I don't care what the recommendation is....
* * *
He was selling drugs at school. He took marijuana to school to sell. That's it. That's all I need to know.
Ultimately, the court again sentenced G.L. to restrictiveness level six for one year. G.L. appealed, and we reverse.
The trial court may disregard the DJJ's recommendations under section 985.23(3)(c), Florida Statutes (2005), but must state its reasons for doing so and make reference to the characteristics of the restrictiveness level and the needs of the child. T.N. v. State, 929 So.2d 1133, 1137 (Fla. 5th DCA 2006); C.M.L. v. State, 895 So.2d 495, 496 (Fla. 5th DCA 2005); S.S.M. v. State, 814 So.2d 1234, 1234-35 (Fla. 5th DCA 2002). The court cannot depart from the DJJ's recommendation merely because it disagrees with it. C.M.L., 895 So.2d at 496; A.G. v. State, 737 So.2d 1244, 1247 (Fla. 5th DCA 1999). If the court fails to make specific findings to support its determination and disregards the DJJ's recommendations without sufficient reasons, or there is no record evidence that the court considered the dispositional report, this court must reverse and remand. A.G., 737 So.2d at 1248.
The court's desire to send a message to the community and the fact that it is "fed up with [drug] peddlers" do not excuse the court from stating its reasons, supported by a preponderance of the evidence, for departing from the DJJ's recommendation. A.G., 737 So.2d at 1247. Similarly, despite the seriousness of the charge, "the `nature of the charge' is not a sufficient reason to depart from the [DJJ's] recommendation." A.J.V. v. State, 842 So.2d 1027, 1029 (Fla. 2d DCA 2003).
The court initially speculated that the PDR showed that the DJJ was unaware of the facts underlying the case. Belatedly, the State argued on appeal that the departure was justified by the PDR, which related factors such as G.L.'s admission of marijuana use, anger management issues, and unexcused absences before the PDR was prepared. Neither argument supports the court's decision to disregard the recommendation. Both PDRs made clear that DJJ was well aware of G.L.'s history when it recommended probation. In A.S. v. State, 934 So.2d 583 (Fla. 1st DCA 2006), the First District reversed the trial court's commitment order because the trial court ignored the recommendation of DJJ. The trial court did not think that DJJ was aware of the child's former record. The appellate court held that the PDR made clear the DJJ was aware of the child's former record, therefore, the court needed to support it decision to depart by a preponderance of evidence. See also A.C.N. v. State, 727 So.2d 368, 370 (Fla. 1st DCA 1999) (noting that the DJJ's report "described and weighed [the child's] entire criminal activities in great detail," which undermined the court's stated primary reason for departing from the DJJ's recommendation).
Here, the court considered the nature of the crime, but made no reference to the level six restrictiveness or how such a level served G.L.'s needs. See T.N., 929 So.2d at 1137; S.S.M., 814 So.2d at 1235. In P.R. v. State, 782 So.2d 911 (Fla. 5th DCA 2001), the trial court rejected the DJJ's recommendation of community control and imposed level six residential commitment. *804 The trial court had held that, in light of P.R.'s criminal history, less restrictive measures had not gotten P.R.'s attention. P.R., 782 So.2d at 911. We reversed because the trial court did not "reference the characteristics of the restrictiveness level vis-à-vis the needs of the child." Id. at 913. Moreover, the trial court's stated reasons "fail[ed] to show that the court considered any of the statutory factors set forth in section 985.23(2)(a) through (g)." Id.
Here, the record reflects even less justification for the trial court's departure from the DJJ's recommendation. The trial court did not merely fail to consider any statutory factors, the characteristics of the restrictiveness level, or G.L.'s needs; it explicitly refused to consider them: "He was selling drugs at school. He took marijuana to school to sell. That's it. That's all I need to know." This conclusion constituted an abuse of discretion.
Accordingly, we REVERSE the trial court's order and REMAND for sentencing in accordance with the DJJ's recommendation or a sentence that is justified by the record with stated reasons. See, e.g., S.S.M., 814 So.2d at 1235.
THOMPSON, PALMER and LAWSON, JJ., concur.
NOTES
[1] § 893.13(1)(c)2., Fla. Stat. (2004).
[2] § 893.13(6)(b), Fla. Stat. (2004).