GRIFFIN, J.
A.S., a juvenile, appeals his commitment to a level 6 program after a determination of dependency. We reverse.
A.S. was charged by petition with one count of possession of a firearm on school property, a third-degree felony. He pled to the lesser offense of carrying a concealed weapon, a first-degree misdemean- or. According to his pre-disposition report [“PDR”], A.S. had brought a firearm and empty magazine to school in order to return them to another child to whom he claimed the gun belonged. Appellant’s PDR also reflected two prior charges in 1998, but both were closed without sanction. The Department of Juvenile Justice [“DJJ”] recommended adjudication be withheld and appellant be placed on probation. At the disposition hearing, however, the trial court decided that probation was not an appropriate punishment because bringing a firearm to school was quite serious. Instead, he committed him to a level 6 facility.
As we have said many times, the trial court may disregard the DJJ’s recommendation for disposition, under section 985.23(3)(c), Florida Statutes (2005), but the judge must state its reasons for doing so and must include references to the characteristics of the restrictiveness level and the needs of the child. See G.L. v. State, 937 So.2d 801, 802 (Fla. 5th DCA 2006). Consideration of the nature of the charge is not alone a sufficient reason to depart. Id.
Here, it is apparent from the record that the court’s reasons for departing were: (1) the nature of the offense and (2) the desire not to send the wrong message about whether taking firearms to school will be condoned. The needs of the child and the characteristics of the alternative dispositions were not mentioned. This case, which involves the same judge, is very much like G.L. We reverse the trial court’s order and remand for sentencing in accordance with DJJ’s recommendation.
REVERSED and REMANDED.
PALMER and EVANDER, JJ., concur.