PER CURIAM.
J.S. appeals from a disposition order entered after he pled guilty to the charge of possession of a firearm on school property.[1] The Department of Juvenile Justice, (“DJJ”), recommended probation, but the trial court committed J.S. to a moderate risk residential program after the State requested it. We agree with J.S. that the trial court abused its discretion by departing from the DJJ’s recommendation without articulating sufficient reasons for departure. Accordingly, we reverse.
It is well-established that a trial judge may disregard the DJJ’s recommendations under section 985.433(7)(b), Florida Statutes (2007), but must state reasons for doing so that make reference to the characteristics of the restrictiveness level and the needs of the child. E.g., D.L.T. v. State, 960 So.2d 913 (Fla. 1st DCA 2007); L.R. v. State, 948 So.2d 827 (Fla. 2d DCA 2007); G.L. v. State, 937 So.2d 801 (Fla. 5th DCA 2006); K.M. v. State, 891 So.2d 619 (Fla. 3d DCA 2005); S.L.K. v. State, 776 So.2d 1062 (Fla. 4th DCA 2001); see generally 16 Fla. Prac., Sentencing § 9.12 (2008 ed.). The trial court cannot depart merely because it disagrees with the DJJ’s recommendation. G.L., 937 So.2d at 803. If the trial court fails to make specific findings to support its determination and disregards the DJJ’s recommendations without sufficient reasons supported by a preponderance of the evidence, or there is no record evidence that the court considered the DJJ’s pre-disposition report, (“PDR”), this court must reverse and remand. Id. Further, the seriousness of the charge is not a sufficient reason to depart from the DJJ’s recommendation. E.g., A.S. v. State, 948 So.2d 895 (Fla. 5th DCA 2007).
In the instant case, although it appears the trial court considered the PDR and the DJJ’s recommendation, the reasons articulated by the court for its disposition simply demonstrate the trial judge’s disagreement with the recommendation, and in no way referenced the commitment level with respect to J.S.’ needs. In fact, the trial judge candidly stated that he did not know what a moderate risk residential program offered, but “assumed” that J.S. would benefit from a commitment, and that “hopefully” J.S. would get whatever evaluation, counseling or education the DJJ could provide or allow.
*994 Accordingly, we must reverse the trial court’s disposition order and remand for a new disposition hearing. The trial court must either follow the DJJ’s probationary recommendation or articulate a legally valid basis for departure from the recommendation.
REVERSED and REMANDED.
THOMPSON, TORPY, and LAWSON, JJ., concur.

. § 790.115, Fla. Stat. (2006).