EVANDER, J.
F.T. appeals from a disposition order committing him to a level 6 placement for one year after being found guilty of possession of less than 20 grams of cannabis. He contends that the trial court erred in rejecting the Department of Juvenile Justice’s (DJJ) recommendation of probation. We agree.
After the adjudicatory hearing, the trial court ordered a predisposition report (PDR). The PDR reflected that F.T. had never previously been found guilty of a criminal offense. The PDR further reflected that the DJJ officer preparing the PDR had requested F.T. to submit to a drug test to assist the officer in the preparation of her report. F.T. declined to give a urine sample for a drug screening, stating that “he did not have to prove himself to anyone.” The State does not dispute that at the time of the request, F.T. was under no legal obligation to submit to drug testing.
Based on F.T.’s failure to submit to the requested drug test, the trial judge rejected DJJ’s recommendation of probation, stating:
(Yjour attitude is inconsistent with probation. We put people on probation because we’re trying to work with them. We expect your cooperation while you are on probation. Refusing to submit to a drug test because you — -because you don’t think you have to prove yourself to anyone is inconsistent with the philosophy and the purpose of probation, and it is an indication to me that probation will not meet your needs.
Three weeks later, the trial court held a hearing to review the imposed sanction. At this hearing, the DJJ officer who prepared the PDR testified that initially F.T. “didn’t really understand the whole process, and he took everything lightly.... But now he realize[s] how serious it is.” She further testified that even if F.T. had tested positive for illegal drugs, DJJ would *44 have recommended probation. F.T. then advised the trial judge that he would take a drug test “anytime the court orders.” The trial court declined to modify the disposition order and this appeal ensued.
The Florida Supreme Court has determined that a trial court may depart from the DJJ’s recommendation only if the trial court:
(1) Articulate[s] an understanding of the respective characteristics of the opposing restrictiveness levels (which are currently statutorily codified in section 985.03(44)(a)-(e), Florida Statutes (2007)) including (but not limited to) the type of child that each restrictiveness level is designed to serve, the potential “lengths of stay” associated with each level, and the divergent treatment programs and services available to the juvenile at these levels (the DJJ possesses the expertise to provide this information); and
(2) Then logically and persuasively explain[s] why, in light of these differing characteristics, one level is better suited to serving both the rehabilitative needs of the juvenile — in the least restrictive setting — and maintaining the ability of the State to protect the public from further acts of delinquency.
E.A.R. v. State, 4 So.3d 614, 633 (Fla.2009) (emphasis in original). A trial court may not deviate from DJJ’s recommendation simply because the judge disagrees with the recommendation. See J.S. v. State, 971 So.2d 992, 993 (Fla. 5th DCA 2008); G.L. v. State, 937 So.2d 801, 803 (Fla. 5th DCA 2006).
Here, the trial court’s decision seems primarily calculated to punish the child for refusing to submit to a voluntary drug test and was not based on the needs of the child. This court has previously rejected a departure from DJJ’s recommendation based on a child’s alleged disrespect to her mother, S.S.M. v. State, 814 So.2d 1234 (Fla. 5th DCA 2002) and a child’s alleged failure to show remorse for his actions, K.N.M. v. State, 793 So.2d 1195 (Fla. 5th DCA 2001). We similarly find that the reason articulated by the trial court in this case was insufficient to support a departure from DJJ’s recommendation. F.T. should not be punished for declining to submit to a drug test when he was under no legal obligation to do so.
REVERSED and REMANDED for Entry of A Disposition Order Consistent with DJJ’s Recommendation.
PALMER, C.J., and TORPY J., concur.